Napoleon COVINGTON, Plaintiff,

v.

J. W. SCHWARTZ, individually and as Commanding General of U. S. Army Letterman General Hospital, Frederic J. Brown, individually and as Commanding General of Sixth United States Army, Cyrus Vance, individually and as Secretary of the U. S. Army, Defendants.

No. 41902.

United States District Court
N. D. California, S. D.
June 4, 1964.

James P. Preovolos, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HARRIS, Chief Judge.

Plaintiff, a Sergeant in the United States Army who was about to receive an undesirable discharge, instituted this action for a Declaratory Judgment under 28 U.S.C.A. §§ 2201 and 2202 and 5 U.S. C.A. § 1009 of the Administrative Procedure Act. He has alleged that the Board of Officers which was convened to try him for certain offenses and which authorized his discharge under color of Army Regulations 635–89 and 15–6, acted in an arbitrary and capricious manner and in so doing denied him due process of law at the several stages of the Board of Officers Proceedings. He contends that the Board acted beyond the scope of their authority and contrary to the Uniform Code of Military Justice, 10 U.S. C.A. § 801 et seq.

Plaintiff asks the court to enjoin defendants from discharging him under color of authority of the Board of Officers Proceedings and further requests the court to declare void such proceedings as contrary to his rights under the Constitution. He alleges that he has exhausted his effective remedies and that unless the relief prayed for is granted, he will suffer irreparable injuries by reason of the undesirable discharge which will become effective shortly before he will have completed his enlistment or earned an honorable discharge at the conclusion of twenty years of service in the United States Army. He contends that no statute or regulation will permit him to be restored to active duty as of the date of discharge, should he prevail in obtaining relief before the Army Discharge Review Board or the Army Board for Correction of Military Records.

Defendants have moved to dismiss the complaint, alleging that plaintiff has failed to exhaust his administrative remedies and that the court lacks jurisdiction to grant the relief which plaintiff seeks.

Defendants point out that plaintiff is free to present his case, following an undesirable discharge, before a review board (10 U.S.C.A. § 1553) and a corrections tribunal (10 U.S.C.A. § 1552.) Defendants allege that the proceedings accorded plaintiff have been consistent with due process of law and that there is no basis for the court to set them aside or otherwise enjoin the tribunal from enforcing its order.

The record before the court shows that plaintiff, who completed sixteen years of service in 1961, received an Honorable Discharge on April 21st of that year and re-enlisted three days later for a term of six years as a Sergeant First Class.

While plaintiff was stationed at Walter Reed Medical Center as a member of the medical corps, he had been investigated for homosexual behavior, commencing May 4, 1960 for the purpose of determining whether he was a homosexual or had engaged in such activities. Numerous statements were taken and considered by appropriate authorities, after which the investigation was closed and no action was taken against plaintiff.

Not until after he had been accepted for reenlistment and stationed at Letterman General Hospital was plaintiff further investigated. Such a proceeding was commenced on May 21, 1962 under the authority of the Commanding General of said hospital. A Board of Officers was regularly convened on October 2, 1962, plaintiff having been given notice to appear, which he did with counsel. Thereafter, because of irregularities, the proceedings of the Board were disapproved on December 11, 1962 and plaintiff was so notified.

Another Board of Officers was convened on May 14, 1963 to pursue the matter further. This Board, because of the lack of depositions on the part of defendants' witnesses, continued the hearing until August 26, 1963. Meanwhile, it was able to depose one individual whose statement had previously been taken. At the conclusion of the August hearing, the Board found that plaintiff was a homosexual within the meaning

of the regulation and recommended an undesirable discharge.

Following the concurrence of the convening authorities in the recommendation of the Board, plaintiff received orders, on November 8, 1963 reducing him to Private and informing him he was to be discharged, under Army Regulation 635–89 with an Undesirable Discharge. Shortly thereafter he commenced the present proceedings for relief, after first requesting a copy of the record of the proceedings of the Board of Officers.

Initially, plaintiff was unable to obtain the record but since it is before the court and was produced for purposes of this review, lack of a record is no longer an issue to be considered by the court.

The record discloses that defendants produced one witness, whose statement had been considered at the initial hearing, and admitted the deposition of a second witness whose testimony supported defendants' charges. In addition, a psychiatrist who tested and interviewed plaintiff and reviewed the record of previous proceedings, including statements of all persons allegedly involved with plaintiff, gave his opinion that plaintiff had "homosexual tendencies and possibly engaged in homosexual acts."

In rebuttal, plaintiff pointed out that of the eight statements considered by the Board, seven of them had been obtained prior to the first hearing in 1960 which had been closed and had not precluded plaintiff from obtaining an Honorable Discharge the following year. The new material consisted of testimony of a member of the Army who was drunk on the occasion that he accompanied plaintiff, who allegedly suggested homosexual conduct in the course of a drive and return to barracks. In addition, a man who shared plaintiff's room for two nights, and who had imbibed too freely before retiring one evening, testified that he was wakened by plaintiff during one night and that he made a suggestion which could be construed as homosexual in overtones, though admittedly ambiguous in context.

With respect to the Army psychiatrist, who admittedly based his judgment in large measure on the rejected statements submitted at the first hearing and conceded that the tests in themselves were not sufficient to establish homosexual tendencies in plaintiff, rebuttal evidence is cited in the opinion of the psychiatrist who studied plaintiff at the first hearing and who concluded that he was not a man who was homosexual or had such tendencies. A third doctor, who was studying psychiatry and who examined the same record, disagreed with the analysis of his colleague who found plaintiff completely normal. The doctor who actually worked with plaintiff while he was a medical orderly in Thailand submitted a statement on behalf of plaintiff, testifying both to his efficiency and his irreproachable behavior

Plaintiff, referring to the procedure followed by the Board in reconsidering statements which had been utilized in the 1960 hearings (which had culminated in favor of plaintiff); in placing credence in the testimony of a man under the influence of alcohol whose credibility had been questioned by the previous Board; in relying on the deposition of a man who had been drunk at the time an alleged incident occurred; and in accepting the opinion of a psychiatrist who himself placed credence on rejected statements, asserts that there is no basis in fact for the findings of the Board of Officers and that he is entitled to relief from their recommendation of an undesirable discharge, sustained by the convening authorities.

At the outset, the court must consider the legal question of exhaustion of administrative remedies. Since plaintiff, following his Undesirable Discharge, may seek relief before the Army Discharge Review Board and the Army Board for Correction of Military Records (10 U.S. C.A. §§ 1552 and 1553), is he entitled to a declaratory judgment prior to his discharge? Reed v. Franke, 4 Cir., 297 F.2d 17, cited by defendants, sustained a discharge based upon alcoholism and concluded that lack of review prior to

such discharge did not make the hearing inadequate. Similarly, Beard v. Stahr, 200 F.Supp. 766 granted the government motion for summary judgment in a discharge case based upon homosexuality, and thus is similar to the case at bar, at least insofar as the offense is concerned. However, it is to be noted that the Supreme Court, in 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321, reversed and remanded with directions to dismiss the complaint as premature in the light of a review by the Secretary of the Army which was available before removal on a general discharge. The Chief Justice felt that a stay should be granted pending further consideration of the jurisdictional question.

In a dissenting opinion written by Mr. Justice Douglas, the minority expressed the view that the procedure lacked due process inasmuch as confrontation and cross-examination were not accorded plaintiff in his hearing, which, while not criminal in nature, dealt with an offense punishable by the heavy stigma of discharge from the United States Army under conditions other than honorable.

By parity, in the principal case plaintiff finds himself discharged as an undesirable after a hearing impregnated with the very shortcomings set forth above. Furthermore, as an enlisted man he has less protection than the officer involved in the Beard case in view of the fact that his discharge would precede the final review whereas Beard was entitled to consideration by the Secretary of the Army before the decision of the Board of Review would become effective.

Plaintiff may obtain relief from the Army itself through a stay, pending review by the Discharge Board and the Army Board for Correction of Military Records. In Anderson v. MacKenzie, 306 F.2d 248 (9 Cir.), the Navy, after recommending an Undesirable Discharge, held the "discharge in abeyance" pending a final decision. This action was taken pursuant to specific articles governing the Navy with respect to procedure to be followed in exhausting remedies (32 C.F.R. #730.14(c)), and there appears to be no Army counterpart to these articles. The Army should have inherent power to protect its personnel pending a final disposition of the case, including appeal to the Discharge Board and the Army Board for Correction of Military Records.

If the Army lacks authority to grant relief, this court appears to have such power under the provisions of 5 U.S.C.A. § 1009(d), which states in part: " * * Upon such conditions as may be required and to the extent necessary to prevent irreparable injury, every reviewing court (including every court to which a case may be taken on appeal from or upon application for certiorari or other writ to a reviewing court) is authorized to issue all necessary and appropriate process to postpone the effective date of any agency action or to preserve status or rights pending conclusion of the reviewing proceedings."

The tests to be applied by a court in invoking this proceeding for granting a stay were enumerated in Associated Securities Corp. v. S. E. C., 10 Cir., 283 F.2d 773 (which cited Eastern Air Lines v. C. A. B., 2 Cir., 261 F.2d 830 for authority), a case involving persons charged with violating the Securities Act and whose registration as broker and dealer was ordered revoked. In order to obtain relief, the moving party must fulfill the following conditions:

(1) A likelihood that the petitioner will prevail on the merits of the appeal;

(2) Irreparable injury to the petitioner unless the stay is granted;

(3) No substantial harm to other interested persons; and

(4) No harm to the public interest.

In the case at bar, plaintiff has fulfilled all of these requirements. With the exception of two witnesses (one on deposition), both of whom were drunk and one of whom was discredited by the Army itself, there was no testimony as to homosexual conduct or tendencies manifest by plaintiff. Psychiatric testimony was divided and inconclusive, especially in the light of the credence placed on

statements presented at the first hearing which was dismissed, followed by an Honorable Discharge. Thus, petitioner should prevail on appeal to the Board of Review (or, if necessary, to a United States Court after exhausting his administrative remedies.)

If a stay is not granted, plaintiff will find himself demoted to a private, suffering the penalty of an undesirable discharge without the possibility of being restored to his previous status retroactively if he should prevail ultimately—this, after serving nineteen years in the Army, receiving numerous awards and citations and being the recipient of highly commendatory letters written on his behalf by officers under whom he served in the medical corps both in the United States and overseas.

Since plaintiff is not assigned to an active role in the medical corps pending this litigation, his retention by the Army until final disposition of his case can do no harm to other interested persons nor to the public interest. Continuity of service is an equitable manner of protecting plaintiff until his military destiny is passed upon by the established tribunals.

■ It must be remembered that the rule that administrative relief must be exhausted before plaintiff may resort to the courts is not a Constitutional doctrine nor one to be found in statutes. As set forth in Bancroft v. Indemnity Ins. Co. of North America, D.C., 203 F.Supp. 49, the procedure is "derived simply as a matter of judicial policy created by the Courts, which do not apply it in hidebound fashion."

If this Court is to require plaintiff to pursue his available remedies, it has the duty to protect his status until such time as the Army has made its final determination, including that of the Discharge Board and the Army Board for Correction of Military Records.

■ Accordingly, it is ordered that a stay be granted whereby plaintiff may retain his present rank and status in good standing, until such time as the Army

itself postpone the effective date of its action, pending exhaustion of military remedies and judicial review by a United States District Court, or, absent such relief by the Army, until such time as plaintiff may pursue said remedies, including review in this court, to fruition and final judgment.