J. W. SCHWARTZ, individually and as Commanding General of the United States Army, Letterman General Hospital, et al., Appellant,

v.

Napoleon COVINGTON, Appellee.

No. 19444.

United States Court of Appeals Ninth Circuit.

Feb. 10, 1965.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Robt. V. Zener, Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellants.

James P. Preovolos, San Francisco, Cal., for appellee.

Before ORR, BARNES and KOELSCH, Circuit Judges.

ORR, Circuit Judge:

On April 21, 1961, at the expiration of an enlistment prior to the one under consideration here, appellee, a Sergeant in the United States Army, was given an honorable discharge, with a recommendation for re-enlistment. At the time of the 1961 discharge, appellee had completed 16 years of active military service, including duty in World War II and the Korean War. His conduct was such that he was awarded many decorations and his record was devoid of disciplinary action of any character. An investigation was made in 1960 relative to an alleged involvement by appellee in homosexual activity. During said investigation statements were taken from certain individuals. Without any ultimate finding the investigation was soon closed and no action taken.

Within three days after his honorable discharge in 1961, appellee re-enlisted. Subsequently, while stationed at Letterman General Hospital, San Francisco, a further investigation into alleged homosexual activity was undertaken by the Army. On October 2, 1962, a board of officers was convened, pursuant to Army Regulation No. 635–89, to consider the matter. The proceedings before this board were disapproved by the Adjutant General, on the ground of procedural defects, and a new board was ordered convened.

At the second hearing, beginning May 14, 1963, one witness was called who testified to a somewhat ambiguous so-called advance by appellee. Evidence in the form of a deposition taken in Washington, D. C. was introduced; it concerned another alleged homosexual advance made

by appellee. In addition, statements of five persons, taken during the 1960 investigation, were admitted over objection. The purpose of these was to show similar prior acts. All of the alleged incidents, except the one testified to by the witness who appeared, occurred before appellee's honorable discharge in 1961. Further, an Army psychiatrist testified that in his opinion appellee was a homosexual. He said that this conclusion was based upon interviews with appellee evidencing certain difficulty appellee had relating to both men and women, upon admittedly inconclusive psychological tests, and upon statements, hereinbefore referred to, of alleged advances made by appellee.

Appellee denied all of the alleged incidents. Admitted on behalf of appellee was the report of a Captain Dorison a competent psychiatrist, who found in 1960, at the time of the first investigation, no reason to suspect appellee of homosexuality. Also admitted were statements and testimony from persons, including a physician, with whom appellee worked, who testified as to his efficiency and his behavior.

The board recommended that an undesirable discharge be issued, and appellee was ordered processed for discharge. Appellee at this point sought declaratory and injunctive relief in the United States District Court, pursuant to 28 U.S.C. §§ 2201, 2202, and 5 U.S.C. § 1009. He alleged that the board acted in an arbitrary and capricious manner and contrary to law, and that, if discharged, he would suffer irreparable injury. The District Court granted a stay of discharge pending exhaustion of military remedies and judicial review by a United States District Court, during which time appellee retain his present rank and status. The military remedies available to appellee included review before the Army Board for Correction of Military Records and review before the Army Discharge Review Board. 10 U.S.C. §§ 1552 and 1553. Application for the former has been made. Application for the latter—exclusively a post-discharge remedy—cannot be made under the present posture of the case.

The facts of this particular case are such that the traditional tests for granting a stay pending determination by a reviewing court are met. First, there is a likelihood that appellee will prevail on the merits of his appeal to the District Court. In relying upon evidence consisting mainly of statements concerning acts committed at a time prior to appellee's current enlistment, and which are alleged to have occurred during a previous enlistment from which an honorable discharge was given, there is a substantial likelihood that the board acted in excess of its authority.[1] Eliminating the evidence of acts occurring before the present enlistment, the evidence upon which the board based its findings is not very substantial.[2]

Secondly, appellee has shown that he will suffer irreparable damage if the stay is not granted. Irrespective of the government's recent assurance that the appellee would be reinstated if he prevails upon review of his discharge, the injury and the stigma attached to an undesirable discharge are clear.

Further, in this case there is no showing that irreparable harm to the government or harm to the public, would occur if the stay were continued. Appellee is working as an orderly at Letterman General Hospital, and the record discloses that his service in this capacity has been excellent and subject to no complaints.

In the light of the fact that appellee's application for review by the Army

1. See Army Regulation No. 615–375, which states that the purpose of a discharge certificate is to "specify the character of service rendered during the period covered by the discharge." Cf. United States ex rel. Hirschberg v. Cooke, 336 U.S. 210, 69 S.Ct. 530, 93 L.Ed. 621 (1949); Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958).

2. A finding that appellee engaged in one or more "homosexual acts" during active service is necessary for an undesirable discharge in a case such as this. Army Regulation No. 635–89.

Board for Correction of Military Records is pending, we find it is proper under the circumstances of this case to affirm the District Court stay pending that review, as well as review, if necessary, by the District Court. With regard to appeal to the Army Discharge Review Board, that is solely a post-discharge remedy, and therefore not available at this time.

Accordingly, the order of the District Court staying appellee's discharge will remain in force and effect until the Army Board for Correction of Military Records has acted and until disposition of the District Court action. The stay granted by the trial court is modified to conform to this opinion, and as so modified, is affirmed.