Edsel D. JUSTUS, Plaintiff,

v.

S. M. ZIMNY et al., Defendants.

No. 43397.

United States District Court
N. D. California, S. D.

Nov. 16, 1965.

James T. McDonald, Dunn, Hart & McDonald, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

ZIRPOLI, District Judge.

Plaintiff is an enlisted man in the United States Navy. He has instituted this action in an effort to prevent his separation from naval service. He seeks a temporary injunction preventing his discharge and a declaratory judgment under 28 U.S.C., Sections 2201, 2202 and 5 U.S.C., Section 1009, of the Administrative Procedure Act. A temporary restraining order preventing plaintiff's discharge pending the decision in this case was ordered.

Plaintiff alleges that the defendants have violated applicable regulations and therefore he is uncertain of the basis upon which the discharge rests. He further alleges that the regulations applied in his case are repugnant to the United States constitution.

The defendants have moved to dismiss the complaint, alleging that the plaintiff has failed to exhaust appropriate administrative remedies. Defendants point out that the plaintiff is free to present his case, following his discharge, before a review board (10 U.S.C., Sec. 1553), and the Board for the Correction of Naval Records (10 U.S.C., Sec. 1552). Defendants further allege that plaintiff's discharge is consonant with due process of law, and that there is no basis for the Court to prevent the Department of the Navy from enforcing its order.

The record before the Court indicates that the plaintiff was advised that he was being considered for discharge and that he signed a waiver stating that he did not desire to make a statement in this regard. Subsequently, plaintiff retracted this waiver and requested a trial by court martial. The Department of the Navy has informed plaintiff that he will be honorably discharged with a type of discharge warranted by his service record. This discharge has been ordered pursuant to 32 C.F.R. 730.10. The plaintiff has also been informed that the applicable regulations do not require a hearing prior to discharge and that he has waived the privilege of submitting a statement in his own behalf.

■ The problem presented by this case may be distinguished from the situation in Unglesby v. Zimny, D.C., 250 F.Supp. 714, (decided this day), since in this case the plaintiff will be separated from the Navy with an honorable discharge by reason of unsuitability. The test to be applied by a court faced with a request for a stay of administrative action pending judicial review is well stated in Covington v. Schwartz, D.C., 230 F.Supp. 249, aff'd. 341 F.2d 537 (9th Cir. 1965). A threshold requisite for such a stay is a showing of irreparable injury if the stay is not granted. In discussing the problem presented in that case, the Court of Appeals noted the importance of the injury and stigma attached to an undesirable discharge. The same injury and stigma are not present when an honorable discharge is involved.

■■ Even if this Court were to conclude that the discharge in this case did constitute irreparable injury, the plaintiff has failed to sustain the burden of demonstrating a likelihood of probable success on appeal to the District Court. The constitutionality of the discharge procedure pursuant to 32 C.F.R. 730.10 was fully discussed in Reed v. Franke, 297 F.2d 17 (4th Cir. 1961). The Court is in full accord with the view expressed in that opinion, that due process is satisfied if the individual is given a hearing at some point in the administrative process. The record in the instant case reflects that such a hearing in the administrative process is available to this petitioner. This Court cannot speculate as to the procedural challenges which might be advanced after that hearing has been held.

The temporary restraining order is discharged, the motion to dismiss granted, the petition for injunction and declaratory relief is denied, and the complaint is dismissed.