Private First Class Daniel E. **PITCHER,**
Appellant,

v.

Melvin **LAIRD** et al., Appellees.

**Misc. No. 1439.**

United States Court of Appeals
Fifth Circuit.

Sept. 3, 1969.

Maury Maverick, Jr., San Antonio, Tex., for appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., by Henry Valdespino, Asst. U. S. Atty., for appellees.

Before COLEMAN, SIMPSON and CARSWELL, Circuit Judges.

PER CURIAM:

Motion for Stay Pending Appeal has been denied.

Petitioner, an enlisted member of the United States Army, applied for an administrative discharge as a conscientious objector pursuant to Army Regulation 635–20, while stationed at Fort Sam Houston, Texas. His application was denied after normal administrative review. He then applied for a writ of habeas corpus in the District Court for the Western District of Texas and this appeal ensued from the denial of the writ.

Petitioner was ordered on July 15, 1969 to report to Fort Lewis, Washington for further transfer to Vietnam. He refused to obey his orders and wrote the Commanding Officer of Fort Lewis that he did not intend to report. He then moved this Court: (1) to stay, pending appeal to this Court, the execution of the order of the District Court; (2) to restrain respondents from "forcibly taking appellant to Vietnam or beyond the continental limits of the United States;" and (3) to [r]estrain appellees from subjecting appellant to a courtmartial."

The facts of the present case are not such that meet the tests for granting a stay pending determination by a reviewing court. Petitioner must show that the following four basic conditions have been met, as stated in Covington v. Schwartz, 230 F.Supp. 249 (N.D. Cal.1964), modified and aff'd, 341 F.2d 537 (9th Cir. 1965) :[1]

(1) A likelihood that the petitioner will prevail on the merits of the appeal; (2) Irreparable injury to the petitioner unless the stay is granted;

---

1. These criteria have been recognized *sub silentio* by this Court in McCurdy v. Zuckert, 359 F.2d 491 (1966), though the Court in McCurdy factually distinguished the two cases in reaching a different procedural result. See also Morbeto v. United States, 293 F.Supp. 313 (C.D.Cal. 1968).

(3) No substantial harm to other interested persons; and (4) No harm to the public interest.

Without prematurely evaluating the merits of petitioner's case, the likelihood that petitioner will prevail is somewhat lessened by the narrow range afforded this Court in reviewing military habeas corpus matters. See Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); Gorko v. Commanding Officer, 314 F.2d 858, 859 (10th Cir. 1963). Furthermore, respondent urges that petitioner has failed to exhaust his Military Administrative remedies by failing to petition the Board for Correction of Military Records. The District Court was also of this opinion. We note, without prejudice to petitioner's future arguments, that respondents' contentions have at least an appearance of correctness. See McCurdy v. Zuckert, 359 F.2d 491 (1966).

■■ Petitioner has not shown that he will suffer irreparable injury if this Court refuses to issue the stay order. Contrary to petitioner's claims, the records fail to reveal that the Army has placed him in possible jeopardy by court-martial. The fact that appellant may be shipped to Vietnam is not an "irreparable injury" to one who is lawfully in the service and subject to lawfully issued military orders.

To issue the stay order in this instance would in effect constitute an unwarranted judicial revision of a lawful military duty assignment. As stated by the Supreme Court in Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1952), "we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."

Finally, the possibility of harm to other "interested persons" and the public, were we to issue the stay order, has been often noted by other courts and outweighs, in the present case, any harm petitioner might suffer by our refusal to stay. See Orloff v. Willoughby, supra, 345 U.S. at 94–95, 73 S.Ct. 534; Morbeto v. United States, supra, 293 F.Supp. at 322.

For these reasons we have previously entered order denying petitioner's Motion for Stay Pending Appeal.