**Doctor Robert SOSA, Plaintiff-Appellee,**

v.

**BOARD OF MANAGERS OF the VAL VERDE MEMORIAL HOSPITAL, Defendant-Appellant.**

No. 29458.

United States Court of Appeals, Fifth Circuit.

April 10, 1970.

C. Dean Davis, Westgate, Austin, Tex., for appellant.

Arturo Gonzalez, Del Rio, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

It is ordered that appellant's motion for stay of injunction pending appeal, filed in the above styled and numbered cause, is hereby granted. The appeal will be expedited and heard on the original record. The Clerk will set a briefing schedule.

AINSWORTH, Circuit Judge (dissenting):

I regret that I am unable to agree with the majority which has granted appellant's motion for stay of injunction pending appeal. I concur, however, in the expediting of the appeal to be heard on the original record.

The only hospital in Val Verde County, Texas, is Val Verde Memorial Hospital, a county hospital constructed, maintained and operated with county funds supplemented by federal aid under the Hill-Burton Act, 42 U.S.C. § 291 et seq. (1969). Appellee, Dr. Robert Sosa, was licensed to practice medicine by the Texas State Board of Medical Examiners in 1958, and is now practicing medicine in Del Rio in said county. He applied for admission to the medical staff of the hospital several times, beginning in 1967 through 1969, but was denied admission by the Hospital Board. The bylaws of the hospital provide the standards for admission to the staff. They are that he must be a graduate of a medical school approved by the American Medical Association, licensed to practice medicine in the State of Texas, a member of a county medical society in the State of Texas, and he must be practicing in the community or within reasonable distance of the hospital.

In a detailed, twelve-page memorandum opinion with numerous findings of fact and supporting legal authorities, the District Judge (sitting without a jury) ordered the hospital to admit Dr. Sosa to the medical staff. The Trial Judge found that Dr. Sosa fulfilled all of the requirements of the hospital bylaws for admission to the medical staff and that the action of the hospital in declining him admission was "arbitrary

and discriminatory." The hospital appealed to this Court and also moved the District Court to stay the injunction pending appeal, which was denied.

The hospital then filed the present motion for stay of injunction pending appeal under Rule 8, Federal Rules of Appellate Procedure, averring that the hospital "rightfully refused membership on the Medical Staff" to the doctor for the following reasons:

"(a) Dr. Sosa twice plead guilty and was convicted of felony offenses, once in Texas and once in Michigan for the crime of larceny, specifically for stealing hospital equipment.

"(b) Dr. Sosa has been disciplined by the Texas State Board of Medical Examiners by having his license revoked, and at the time of this trial Dr. Sosa's Michigan license was revoked.

"(c) Dr. Sosa has a long history of poor credit and non-payment of bills.

"(d) Dr. Sosa was disruptive in the last hospital in which he was allowed Medical Staff privileges in that he was abusive to the nursing staff and support personnel.

"(e) Dr. Sosa has been guilty of abandoning patients who could not pay his fee."

Appellant has attached documents showing that Dr. Sosa twice pled guilty to felonies (once in Texas and once in Michigan), has been disciplined by the Texas State Board of Medical Examiners, and that a credit bureau attests to a prior record of poor credit. There are three affidavits also filed by mover. Richard W. Reordan, the hospital's Administrator, deposes that he has observed Dr. Sosa who has a reputation for harassment of support personnel. He does not particularize this statement. An affidavit by W. O. Mills, President of the hospital's Board of Managers, refers to concern with Dr. Sosa's "generally regarded to be lacking in qualifications and reputation." No details are supplied. Dr. Robert W. Paret, of the hospital's medical staff and Chairman of the Credentials Committee, states in his affidavit that the medical staff considers Dr. Sosa "undesirable," based on his twice pleading guilty to felony charges (in Texas and Michigan), having "a bad reputation" for medical competence and ethics and "there being evidence that he has abandoned obstetrical patients in active labor in a Del Rio hospital because they were unable to pay his fee up to the time of their delivery; that he has berated and harassed support personnel; slandered other members of the medical staff; * * *." The affidavit gives no details or particulars as a basis for these statements.

At this stage of the proceedings it is appropriate to point out that we do not have the record before us or any parts thereof. The record has not been filed in this Court and is apparently in the course of preparation. We do not know whether it will bear out appellant's allegations in its motion to stay, nor do we know whether there is support in the record for the conclusory statements of fact in the three affidavits filed by appellant to which we have referred. All that we have before us now are the motion papers of appellant and appellee, with attached exhibits and affidavits, and a copy of the Trial Judge's memorandum opinion.

As to the two criminal convictions of Dr. Sosa which occurred approximately eight and nine years ago, respectively, it is pertinent to note the finding of the District Judge:

"In February, 1962, Dr. Sosa pled guilty to the offense of Theft over $50.00 in Lamb County, Texas. He was sentenced to 5 years, but execution was suspended and he was placed on probation for 5 years. In July, 1962, in Marquette County, Michigan, he pled guilty to Larceny from a building and was sentenced to probation for 5 years. In October, 1962, his Michigan license was revoked. In November, his Texas license was revoked, but execution was stayed and plaintiff was placed on probation for 5 years. Dr. Sosa testified that this stormy period of his life was the re-

sult of an unhappy marriage, and that he has had no problems since his divorce. He returned to Texas and practiced in the El Paso-Hudspeth County area. The Michigan probation was discharged by written order July 18, 1963. Dr. Sosa moved to Del Rio, Texas, in November, 1966, and on May 8, 1967, the 154th Judicial District Court of Lamb County, Texas, granted a new trial and dismissed the theft charges to which plaintiff pled guilty in 1962. The probation imposed by the Texas Board of Medical Examiners terminated June 20, 1967."

Thus it is seen that the Texas conviction was set aside and dismissed on grant of a new trial after satisfactory completion of the period of probation. The five-year stay of the revocation of the Texas medical license on probation was apparently completed satisfactorily and the Texas license has been fully reinstated. The Michigan conviction which occurred in 1962 resulted in the five-year suspended sentence on condition that Dr. Sosa "continue psychiatric treatment, with reports to be made to the Probation Department." On December 11, 1969, the Michigan Board of Registration in Medicine restored Dr. Sosa's license to practice in that state, according to an exhibit filed by Dr. Sosa. Another appellee exhibit is a letter from the Del Rio Credit Bureau attesting to a satisfactory credit rating for Dr. Sosa and a letter from the Del Rio National Bank testifying to satisfactory relations with the bank by appellee. Twelve letters from patients of Dr. Sosa attest to their need for hospitalization in the county's only hospital (Val Verde Memorial) and that they require the doctor's services.

The motion for stay should not be granted unless mover has satisfied the following four basic conditions:

(1) A likelihood that the petitioner will prevail on the merits of the appeal;

(2) Irreparable injury to the petitioner unless the stay is granted;

(3) No substantial harm to other interested persons; and

(4) No harm to the public interest. Pitcher v. Laird, 5 Cir., 1969, 415 F.2d 743, 744–745, quoting from Covington v. Schwartz, N.D.Cal.1964, 230 F.Supp. 249, modified and aff'd, 9 Cir., 1965, 341 F.2d 537. See also Belcher v. Birmingham Trust National Bank, 5 Cir., 1968, 395 F.2d 685. In my opinion, mover has failed to satisfy any of these four conditions, especially failing to substantiate the likelihood that it will prevail on the merits and that irreparable injury will be done unless the stay is granted.

I do not pretend to know what the record will show in this case to sustain the Trial Judge's decision, or whether the record will disclose that the Trial Judge's findings of fact are clearly erroneous. From what I can determine on the papers now before us, Dr. Sosa has met the requirements of the hospital's bylaws and is being rejected from the medical staff of the county's only hospital as undesirable principally because of the two former criminal convictions on which he was given suspended sentences and from which he has apparently been rehabilitated in view of the satisfactory reinstatement of his Michigan license and the expiration of the stay of revocation of the Texas license. What support the record may hold for the allegations relative to his bad disposition or abandoning patients in labor, we are unable to say with any degree of certitude sufficient to hold now, with evidence of the prior convictions, that appellant has made a strong showing that it is likely to succeed on the merits of the appeal and reverse the Trial Judge. Appellant has to this point failed the test and the motion to stay should be denied.

Dr. Sosa is now using the hospital's facilities in the treatment of his patients. The majority grant of mover's request for a stay has the effect of removing Dr. Sosa from the hospital to which the District Judge ordered his admission, certainly to the detriment of his patients now hospitalized and desiring hospitalization, without any corre-

sponding showing by appellant that irreparable harm will result. Balancing the equities in this situation should require, in my view, that the status quo be maintained until the appeal is disposed of on the merits.

For these reasons I respectfully dissent from the grant of the motion to stay the injunction in this case.