COMMISSIONER OF INSURANCE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, LUCAS F. SERBIÁ CÓRDOVA, JUDGE, Respondent; CARIBBEAN INSURANCE COMPANY, Intervener.

No. O-71-197.    Decided April 3, 1972.

Gilberto Gierbolini, Solicitor General, and Peter Ortiz, Assistant Solicitor General, for petitioner. Elmer Toro Luchetti and Isaías Rodríguez Moreno for intervener.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

We must decide whether a case concerning a delinquency proceeding initiated by the petitioner against the intervener in which the latter was authorized to continue its operations while the case was being prosecuted, being pending, the petitioner can proceed administratively against the intervener and order it to suspend operations because of several actions on its part which petitioner concluded constitute violations of the Insurance Code. We believe that he can when it is a question of facts not covered by or in controversy in the case referred to.

We must decide, besides, whether the suspension of the effects of the petitioner's order constituted a sound and adequate exercise of judicial discretion. We conclude that it was not and that therefore the case must be remanded to the trial court to determine whether or not the said order should be suspended while its appeal is being prosecuted, in the light of the views set forth hereinafter.

The pertinent facts, for understanding the foregoing questions, are summarized as follows:

In case No. 69-2844, on Delinquency Proceeding (liquidation) filed by petitioner against the intervener the trial court issued an order on May 19, 1969, authorizing the intervener to continue its business transactions. Appeal was taken from this order by way of a petition for certiorari to this Court which by its order of October 28, 1969, decided that the petition did not lie.

On June 19, 1970, petitioner summoned the intervener to appear to show cause why sanctions should not be imposed on it by reason of specific violations of provisions of the Insurance Code. The intervener appealed under case No. 69-2844, to the trial court to challenge the authority of the petitioner to hold the hearing concerning the aforesaid alleged violations. On July 13, 1970, Armindo Cadilla Ginorio determined

by an order ". . . *that the Commissioner of Insurance was and is authorized to issue the order that he issued on June 19, 1970 . . . in relation to the events which may have occurred after those submitted to the Special Commissioner in the instant case .or which, having previously occurred, are not the same which were submitted to the Special Commissioner in the instant case.*" (Italics ours.) From this order no appeal was taken.

The administrative hearings in connection with the aforesaid alleged violations of the Insurance Code having been held, the petitioner concluded on September 15, 1970, that the intervener had incurred specific violations and by virtue thereof he revoked any certificate of authorization issued to the intervener by the Commissioner for five years; he prohibited it from carrying out business negotiations or transactions, under its name or through its order; and decided that the intervener cannot dispose of, pignorate, pawn, encumber or alienate in any manner whatsoever the assets it possesses or that may come to its possession in the future belonging or related to the intervener's business.

From the above petitioner's decision, the intervener appealed to the Superior Court on September 25, 1970. On October 21 of that same year it filed a motion requesting the paralyzation and suspension of the effects of the said petitioner's order until a decision is reached as to the merits of said motion and until case 69-2844 is finally decided.

On November 3, 1970, magistrate Serbiá entered an order suspending the petitioner's decision of September 15, 1970 "until the court definitively decides about everything related to appellant's motion of October 21, 1970." On June 29, 1971, the said magistrate entered an order which, among other things, provides that: "The suspension for all legal purposes of appellee's order of September 15, 1970, object of review, is hereby ordered until the instant case is substantiated and decided." Furthermore, that order reproduced several pro-

nouncements of the case 69-2844 that authorized the intervener to continue its transactions, and added that ". . . Appellant, Caribbean Insurance Company, is authorized, until then, to continue handling business in the issuance of civil and criminal bails, and any intervention to the contrary should not be permitted."

In support of this appeal, petitioner assigns that the trial court committed various errors, assignments which we analyze below.

1.—Petitioner assigns that the trial court erred in suspending the administrative order until the appeal is decided, without making findings of fact and conclusions of law as to the existence or nonexistence of the factors which should govern this controversy and in not balancing adequately the intervener's private interest and the public interest and giving the due weight to petitioner's findings.

According to the provisions of the Insurance Code (§ 2.260, paragraphs 3 and 4—26 L.P.R.A. § 226, 1972 Supp.), the appeal filed in this case against the petitioner's decision of September 15, 1970, that ordered the suspension of the business of the intervener, stayed the effects of the said order for 30 days from the date that the said appeal was filed, it being possible to extend this period, at the request of the affected party, after a hearing is held of which notice will be served 10 days in advance to the petitioner and to the Secretary of Justice so that they may challenge said extension. That is to say, the granting of the said extension is optional for the court.

The federal statute (§ 10(d)) of the Administrative Procedure Act, 5 U.S.C.A. § 705, provides only for the postponement of an administrative action by the court to which the same is taken on appeal ". . . On such conditions as may be required and to the extent necessary to prevent irreparable injury . . ." However, federal courts have established that in

order to exercise their discretion on deciding such requests for stay the courts must consider the following conditions:

(1) The possibility that the petitioner (the intervener in the case at bar) is likely to prevail as to the merits of the appeal.

(2) Irreparable injury to the party referred to unless the stay is granted.

(3) Absence of substantial harm to other interested parties.

(4) Absence of harm to the public interest. *Baggett Transportation Co.* v. *Hughes Transportation, Inc.*, 393 F.2d 710, 717 (8th Cir. 1968); *Southern Ry. Co.* v. *Brotherhood of Locomotive Fire. & Eng.*, 384 F.2d 323, 329 (D.C. Cir. 1967); *Brotherhood of Ry. & S.S. Clerks, etc.* v. *National Med. Bd.*, 374 F.2d 269, 273 (D.C. Cir. 1966); *Unglesby* v. *Zimny*, 250 F.Supp. 714, 716 (D.C. Cal. 1965); *Covington* v. *Schwartz*, 230 F.Supp. 249, 252 (D.C. Cal. 1964); *Armour and Company* v. *Freeman*, 304 F.2d 404, 406 (D.C. Cir. 1962); *The Liberty Nat. Bank and Trust Co. of Oklahoma City* v. *Board of Governors*, 312 F.2d 393 (10th Cir. 1962); *Associated Securities Corp.* v. *Securities & Exch. Com'n*, 283 F.2d 773, 774–775 (10th Cir. 1960); *Virginia Petroleum Job. Ass'n* v. *Federal Power Com'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

■ The petitioner argues that since the intervener failed to show the existence of the said conditions during the hearing about its request for extension of the stay of the administrative decision, the court abused its discretion in extending the said stay.[1]

■ The cited § 2.260 of the Insurance Code does not expressly establish any condition. Therefore, the conditions which are to move the judicial discretion[2] must be established

---

[1] The burden of the proof rests on the moving party. *Associated Securities Corp.* v. *Securities & Exch. Com'n, supra* at 775.

[2] Judicial discretion is a subject neglected by the studious people. Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,*

by the judicial branch itself unless such discretion has to be exercised without an informed view, a situation which, in our judgment, is not justified in this area inasmuch as the said discretion must be exercised in conformance with the spirit of the statute and in a manner to subserve and not to defeat the ends of justice. See *King* v. *Mitchell*, 214 P.2d 993 (Ore. 1950); *Snyder* v. *Consolidated Highway Co.*, 72 P.2d 932 (Ore. 1937).[3]

According to § 2.260 of the Insurance Code, for the court to exercise its discretion as to extending the stay of an action of the petitioner from which appeal is taken to the court, the latter ". . . shall hear not only appellant's allegations but, *also, the grounds of the Commissioner of Insurance for opposing the stay of his action giving him that opportunity by means of a hearing*."[4] (Italics ours.)

■ From the foregoing we conclude that the four conditions previously set forth must be taken into consideration in this jurisdiction in situations like the one before us in this case for the following reasons:

(a) The hearing prescribed by § 2.260 of the Insurance Code to consider the grounds which the petitioner and the Secretary of Justice may have to oppose the stay of the administrative action issued by the former, necessarily has the purpose of giving due consideration to the public interest in exercising the judicial discretion inasmuch as the insurance business is vested with substantial public interest, the petitioner being the officer in charge of protecting it. *Commissioner of Insurance* v. *Bradley*, 98 P.R.R. 21, 28 (1969);

---

22 Syracuse L. Rev. 635 (1971). See, also, Pound, *Discretion, Dispensation and Mitigation: The Problem of the Individual Special Case*, 35 N.Y.U.L. Rev. 925 (1960); Davis, *Discretionary Justice, A Preliminary Inquiry* (1969).

[3] These cases of dispensation are the ones which mainly raise questions of abuse of discretion. Pound, *supra* at 933.

[4] Report of the Juridical Civil Commission of the Senate of Puerto Rico, 22-3 *Diario de Sesiones* 1415, Regular Session (1968).

*Commissioner* v. *Anglo Porto Rican*, 97 P.R.R. 622, 626 (1969) ; *Maryland Cas. Co.* v. *San Juan Racing Ass'n, Inc.*, 83 P.R.R. 538, 542 (1961).

(b) The stay of the administrative action of the petitioner is an extraordinary remedy in a matter invested with substantial public interest, for which the stay is only justified when there is reasonable basis to believe that the appellant will prevail on appeal. *South P.R. Sugar Co.* v. *District Court*, 62 P.R.R. 811, 819–820 (1941) ; *White Star Bus Line* v. *District Court*, 52 P.R.R. 809, 814, 818 (1938).

(c) The order arresting the effects of the administrative order should not be issued either if it is not established that the petitioner would suffer irreparable injury, inasmuch as it concerns a dispensation of the ordinary effects that the law attributes to the administrative order. The possibility that other reliefs will be available in later stages for the adequate compensation of the prejudiced party is a factor that weighs heavily against a claim of irreparable harm. A higher probability of appellant's success on the merits may hold an injury sufficient although otherwise insufficient. See the cases of *South P.R. Sugar Co., supra; White Star Bus Line, supra;* and *Virginia Petroleum Job. Ass'n* v. *F.P.C., supra* at 925.

(d) As a last consideration, in view of the fact that the stay represents an equitable judgment, it should be determined whether it would substantially harm other parties interested in the proceedings. *Virginia Petroleum Job. Ass'n, supra* at 925.

(e) In adopting the conditions referred to for the exercise of judicial discretion in determining whether an administrative order should be stayed, no violence is done to the statutory provision. See *Borges* v. *Registrar*, 91 P.R.R. 106 (1964).[5]

---

[5] See, also, Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L. Rev. 527 (1947) ; Castán, *La Formulación Judicial del Derecho,* 2d ed. (1954).

■ 2.—The intervener assigns that this appeal is premature inasmuch as the question which it presents was raised before the trial court in a motion for reconsideration filed by petitioner.

We said in *Water Resources Authority* v. *District Court*, 65 P.R.R. 880, 882 (1946), that the question whether the trial court is asked to reconsider the order sought to be reviewed by certiorari is not important in itself; that ". . . What is important is that the lower court be given an adequate opportunity to pass upon the question intended to be raised in the certiorari proceeding . . . . If the court has had that opportunity, a motion for reconsideration is superfluous. If the court has not had that opportunity, and the motion for reconsideration fails to furnish it, nothing is gained by making the motion."

The record shows that the contention which we have considered was presented to the trial court in a memorandum by petitioner of March 17, 1971, so that the said court in entering its order of June 29, 1971, had an adequate opportunity to consider the contention in question. Thus, we cannot consider this appeal as premature.

3.—Petitioner assigns that the court erred in resting on the decisions of an independent litigation in which different questions of fact and of law are involved.

■ Some orders issued in case No. 69-2844 which in synthesis authorize the intervener to continue with its business transactions until the definitive solution of the said case are reproduced in the order appealed from. Apparently, magistrate Serbiá of the trial court, understood that the said orders bound him in deciding in this case whether or not the administrative action should be stayed in order for the intervener to be able to continue its commercial activity.

However, different proceedings are involved. Case No. 69-2844 refers to a liquidation of the intervener for alleged

financial deficiencies of the same.[6] The case before us deals with different violations of the Insurance Code, not financial difficulties.[7] The petitioner specifically concluded that the intervener failed to file the reports relative to the annual statement of its financial condition, did not satisfy payment of the bill of charges for examination and inspection of its books, and compelled its insured to resort to the courts for settlement of their legitimate claims. Therefore, the grounds that could serve to permit the intervener to continue its business transactions in the proceeding of liquidation may not be sufficient in this proceeding in view of the criteria that should govern the exercise of judicial discretion in these cases and in view of the differences between the proceeding involved herein and the liquidation proceeding.

The fact that the intervener has been doing business by virtue of an order of the Superior Court in the aforesaid liquidation proceeding and not by virtue of a license issued by the Commissioner of Insurance in no way whatsoever alters the analysis made. A conclusion to the contrary would deprive the Commissioner of Insurance of the primary jurisdiction that he has over said activities.

In view of the foregoing, the orders entered by the trial court in this case on November 3, 1970, and June 29, 1971, are set aside and the case is remanded to the said court to consider the motion of the intervener requesting the extension of the stay of the petitioner's order of September 15, 1970, in harmony with what has been previously set forth.

---

[6] It is thus inferred from the Transcript of Evidence of said case, filed by the intervener as Exhibit 14. See, also, 2 Couch, *On Insurance* 2d, § 22.51, at p. 735.

[7] Section 2.030, paragraph 3, of the Insurance Code (26 L.P.R.A. § 203), provides that:

"(3) The Commissioner may conduct such examinations and investigations as he may deem proper to determine whether any person has violated any provision of this title or to secure information useful in the lawful administration of any such provision." See §§ 2.220–2.260 (26 L.P.R.A. §§ 222–226).

In view of the circumstances of the case, the hearing of the said motion should be held, and the motion settled, as soon as possible.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Hernández Matos and Mr. Justice Martín did not participate in this decision.

