Lawrence L. HEISEL, Plaintiff,

v.

John A. CHALBECK, Individually and as Commanding Officer, Naval Air Reserve Unit, Naval Air Station, Jacksonville, Florida, et al., Defendants.

No. 75-493-Civ-J-T.

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 8, 1976.

John T. Sefton, Jacksonville, Fla., for plaintiff.

Lee S. Carlin, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

## ORDER

TJOFLAT, Circuit Judge.

Plaintiff, a Commander in the United States Naval Reserve, seeks injunctive and declaratory relief against defendants in anticipation of his alleged impending involuntary discharge. He alleges that the discharge proceedings that have been commenced against him are based solely on his status as a homosexual. Plaintiff does not deny that he is in fact a homosexual, but rather challenges the constitutionality of the Navy discharging him solely because of that fact. The questions before the Court at this time are (a) whether the Court has jurisdiction to grant the requested relief and (b) whether, if the Court does have jurisdiction, the plaintiff is entitled to a preliminary injunction.

## A. Jurisdiction

Pursuant to Navy Instruction (SEC-NAVINST) 1920.6, an administrative board was convened to consider whether to recommend to the Chief of Naval Personnel that Commander Heisel be allowed to remain in the Naval Reserve or be involuntarily discharged. If the recommendation was for discharge, the Board was also to recommend whether it should be under honorable or dishonorable conditions. On June 7, 1975, the Board held a hearing at which the plaintiff was allowed legal representation, confrontation and cross-examination of witnesses against him, and the opportunity to present witnesses on his own behalf. Upon the hearing's conclusion the Board unanimously decided to recommend that the plaintiff be discharged under honorable conditions. Plaintiff then commenced this action alleging that he had "no further administrative remedies prior to his involuntary discharge from the Naval Reserve."

■ The rule in this Circuit is that "a plaintiff challenging an administrative military discharge will find the doors of the federal courthouse closed pending exhaustion of available administrative remedies." *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974). This requirement is not satisfied by merely exhausting pre-discharge administrative remedies as was allegedly done by the plaintiff in this case. *McCurdy v. Zuckert*, 359 F.2d 491 (5th Cir. 1966). Just as the Air Force sergeant in *McCurdy* could have applied after his discharge to the Air Force Board for the Correction of Military Records, which had the authority to grant him full reinstatement and restoration of all rights, so here the Board for the Correction of Naval Records is available to the plaintiff. 10 U.S.C. § 1552 (1970); 32 C.F.R. § 723 (1974). While post-discharge exhaustion may not be necessary in cases of imminent *dis*honorable discharge, an honorable discharge does not create a stigma sufficient to bring the plaintiff within an exception to the exhaustion requirement. *Compare Covington v. Schwartz*, 341 F.2d 537 (9th Cir. 1965) *with Sims v. Fox*, 505 F.2d 857 (5th Cir. 1974) (en banc), *and McCurdy v. Zuckert*, 359 F.2d 491 (5th Cir. 1966). As the Court does not view further administrative review as futile, *see Champagne v. Schlesinger*, 506 F.2d 979 (9th Cir. 1974), the Court concludes that plaintiff has failed to exhaust his administrative remedies, thus denying the Court of jurisdiction to grant the requested relief.

## B. The Preliminary Injunction

■ In the alternative, the Court also concludes that, if it did have jurisdiction, it would be unable to issue a preliminary injunction, for the plaintiff has failed to show irreparable injury. Plaintiff served two days per month on a non-pay status. His discharge was honorable. While there are allegations that such a discharge will nonetheless cause injury to the plaintiff's insurance business, a finding to that effect would require considerable speculation. This Court recognizes that "a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The plaintiff in this case has failed to meet that burden.

It is, therefore, ordered:

Plaintiff's motion for a preliminary injunction is hereby denied.