**Petty Officer First Class Stanley M. NEAL, Petitioner-Plaintiff,**

v.

**Harold BROWN, Secretary of Defense, et al., Respondents-Defendants.**

**Civ. No. 77–0139–GT.**

United States District Court, S. D. California.

May 18, 1978.

Charles R. Khoury, Jr., Del Mar, Cal., Roy R. King, King & King, San Diego, Cal., for petitioner-plaintiff.

Peter W. Bowie, Asst. U. S. Atty., San Diego, Cal., for respondents-defendants.

## MEMORANDUM OPINION AND ORDER

GORDON THOMPSON, Jr., District Judge.

This a suit by Petty Officer First Class Stanley M. Neal to enjoin his discharge from the United States Navy pending resolution of his petition to the Board of Correction of Naval Records.

## STATEMENT OF FACTS

Stanley Neal has served approximately 12 years in the Navy and has attained the pay grade E–6. His present duty assignment is Underwater Demolition Team 12, at the Amphibious Base, Coronado, California. On January 23, 1975, Neal was evaluated by his commanding officer who rated him as unsatisfactory-serious in independent productivity and unsatisfactory-minor in reliability. In the Justification Comments section of the evaluation report the commanding officer indicated that at least part of his assessment was based on Neal's alleged inability to account for certain equipment assigned to his unit.

The Bureau of Personnel Manual specifies that personnel should be shown their evaluations and should sign the evaluation form indicating that the form has been seen, particularly where any marks are adverse. It is conceded by the parties that Neal did not see or sign the January 23, 1975 evaluation. The circumstances under which such occurred are in dispute, but need not be resolved here.

On October 5, 1976, Neal made application to the Chief of Naval Personnel for reenlistment, acknowledging in his application that he was not eligible for reenlistment based on his prior marks. Neal's commanding officer recommended approval, indicating Neal's performance was improving.

By message dated November 24, 1976, the Bureau of Naval Personnel requested further information concerning Neal's performance. The reply message of November 30, 1976, indicated Neal's performance had fallen to a less than adequate level, and that fact was reflected in a new performance evaluation. The new performance evaluation was signed December 2, 1976 and it is established that Neal viewed that evaluation, although he refused to sign it. Neal's commanding officer concluded in the December 2, 1976 evaluation that Neal could not be recommended for either advancement or reenlistment. By message dated December 14, the Bureau of Personnel denied Neal's request for reenlistment.

On or about December 15, 1976, Neal made written application to his command-

ing officer for redress of grievances pursuant to Article 138 of the Uniform Code of Military Justice, 10 U.S.C. § 938. Neal's basic argument was that the marks assigned him in January, 1975 were erroneous. An informal investigation was conducted within Neal's local command the results of which suggest that the January, 1975 marks may have been unwarranted. The Article 138 investigation is pending before the convening authority.

Finally, on or about January 10, 1977, Neal filed his petition with the Board for Correction of Naval Records. Neal currently seeks to have his discharge from the Navy enjoined pending decision of the Board for Correction of Naval Records. For the reasons set out hereinafter, that relief is denied.

### JURISDICTION

Neal has asserted that this court has subject matter jurisdiction to consider his petition pursuant to three separate statutes: (1) Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; (2) All Writs Act, 28 U.S.C. § 1651; and (3) Mandamus, 28 U.S.C. § 1361.

It is clear that the Declaratory Judgment Act merely makes available a specific type of relief in a case where a district court already has jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Jarrett v. Resor,* 426 F.2d 213 (9th Cir. 1970).

Similarly, it is clear that the All Writs Act affords relief only in aid of jurisdiction which a district court already has. The Act is not, in itself, a source of district court jurisdiction. *Stafford v. Superior Court of California, Etc.,* 272 F.2d 407 (9th Cir. 1959); *Commercial Security Bank v. Walker Bank & Trust Co.,* 456 F.2d 1352 (10th Cir. 1972).

Turning briefly to the allegation of Mandamus jurisdiction, it is well established that all other available means of relief must be exhausted before mandamus will lie. *Richardson v. United States,* 465 F.2d 844 (3d Cir. 1972), *rev'd on other grounds,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). This court need not otherwise determine if this might be an appropriate case for the exercise of mandamus jurisdiction [*see, e. g., Jarrett v. Resor,* 426 F.2d 213 (9th Cir. 1970)], because if available administrative remedies have not been exhausted, mandamus will not lie.

As noted, Neal made application to the Board for Correction of Naval Records on or about January 10, 1977. As of the date of hearing on this matter, the Board has taken no action on Neal's petition. The Board for Correction of Naval Records is a viable administrative remedy, *Craycroft v. Ferrall,* 408 F.2d 587 (9th Cir. 1969), *remanded on other grounds,* 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970), and the Board has authority to recommend reinstatement, back pay, allowances and other relief to make a petitioner whole. 10 U.S.C. § 1552. Unless Neal could show that somehow relief from the Board was unavailable or inadequate, he is required to exhaust his administrative remedies before this court can properly entertain the petition. No such showing has been made.

Neal relies heavily on the case of *Schwartz v. Covington,* 341 F.2d 537 (9th Cir. 1965). However, Neal's reliance is misplaced. *Schwartz, supra,* involved a petitioner who was to be discharged for alleged homosexuality and who was to receive less than an Honorable Discharge. The Ninth Circuit affirmed the stay of his discharge pending resolution of his petition before the Board for Correction of Naval Records. A key reason for the affirmance, however, was the stigma attached to the caliber of discharge ordered. In the instant case, there has been no suggestion that Neal's discharge will be other than by honorable discharge, and thus there is no stigma.

For all the foregoing reasons, the court finds it is without jurisdiction to act on Neal's petition. Even assuming, however, this court did have jurisdiction to act, Neal has satisfied neither the traditional nor the alternative standards for preliminary injunctive relief. Whatever standard is applied in judging the propriety of injunctive relief, there must be a showing of

irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1359 (2d Cir. 1976). There has been no such showing in this case.

The very nature of the injury claimed by Neal is reparable. His essential claim is for loss of earnings, seniority, and other related emoluments while his petition is pending before the Board for Correction of Naval Records. In that respect, Neal is in no different circumstances than the petitioner in *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Neal's claimed harm is the same as that sustained by others separated from their employment, and falls far short of the irreparability required for preliminary injunctive relief. *Sampson v. Murray, supra.*

Accordingly, on the basis of plaintiff's failure to exhaust administrative remedies and to make a showing of irreparable harm, IT IS ORDERED that the application for preliminary injunction be denied.