**UNITED STATES of America and Gary Peters, Petitioners,**

v.

**Douglas FITZGERALD, Respondent.**

**No. MS–4146.**

United States District Court, D. Idaho.

Feb. 15, 1995.

Betty H. Richardson, U.S. Atty., Boise, ID, Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for petitioner.

Phillip S. Lopez, Anchorage, AK, for respondent.

**MEMORANDUM DECISION AND ORDER**

LODGE, Chief Judge.

■ Pending before the court is a motion filed by Douglas Fitzgerald ("the respondent") for stay of order pending appeal. (Dkt. No. 16). For the reasons given below, the motion is granted.

**Procedural Background.**

The record reflects the following. On October 13, 1993, the government filed a petition to enforce three IRS summonses previ-

ously issued to and served upon the respondent. Accompanying its petition, the government filed an application for an order to show cause why the summonses should not be enforced. This court granted the latter application and, on November 15, 1993, ordered that the respondent appear before the court to show cause why he should not be compelled to obey the IRS summonses. The court further ordered that any written response, affidavits, or motions be filed with the court within thirty days of the service of a copy of the order. The show-cause order was served on December 6, 1993. On January 6, 1994, the respondent timely filed a pleading[1] containing his objections to the government's petition to enforce the summonses. A hearing on the matter was subsequently set for May 23, 1994.

A minute entry reflects that on May 23, 1994, the show-cause hearing was vacated; that the matter had been resolved; and that a stipulation and order would be forth coming. On that same day, the court signed the proposed order submitted by the government granting the petition to enforce the summonses. No stipulation was filed at that time.

On June 23, 1994, the respondent timely filed a notice of appeal, along with the instant motion for stay of the court's order pending appeal. The question now before the court is whether to grant the motion for stay.

### Standards for Considering Motion for Stay.

■ In determining whether to grant an application for stay pending appeal of a civil order, this court must consider the following factors: (1) whether the applicant has make a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986); *Pitcher v. Laird,* 415 F.2d 743, 744–45 (5th Cir.1969). "Ordinarily,

the first factor is the most important." *Garcia–Mir,* 781 F.2d at 1453.

### 1. Likelihood of Success on Appeal.

Through his counsel, the respondent has identified essentially two basis for his appeal. First, he contends that the court's order does not reflect the terms of the stipulation. Second, the respondent asserts that summonses were issued for an improper purpose; namely, that they seek information relating to a criminal, rather than civil, investigation.

### a. An IRS summons may be issued for the purpose of inquiring into criminal offenses.

■ The court has little trouble concluding that the respondent is unlikely to succeed on appeal based on the alleged improper purpose of the summonses. As noted in the government's brief, the authority relied upon by the respondent has been superseded by statute; namely, by the enactment of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 622. Pursuant to the provisions of that Act, the IRS summons authority presently includes "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." *See* 26 U.S.C. § 7602(b). The IRS summons authority ceases "if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(c). The sworn, unrebutted, declaration of agent Peters, which was filed with the government's petition to enforce the summonses, states that no such referral is in effect. Accordingly, the court concludes that the respondent's assertions that the summonses were issued for the purpose of investigation of criminal offenses do not merit a stay of the court's order.

### b. Variance between stipulation and Order.

It is more difficult for the court to conclude that the procedure by which the enforcement order was obtained was free of error. The record indicates that show-cause

---

1. Although the document was denominated a "petition to quash IRS summonses," the court construed it to be timely response to the order to show cause.

**378**

hearing was vacated on the basis that the matter had been resolved, and that a stipulation and order would be forth coming. The respondent's attorney evidently signed a form of "stipulation" on May 19, 1994. The fax notation on the top of the stipulation indicates that the United States Attorney's Office received a copy of the stipulation shortly thereafter, and then forwarded it to the Department of Justice on May 24. However, it does not appear that counsel for the government ever signed the stipulation, or that the stipulation anticipated at the time the court vacated the show-cause hearing has ever been filed.

Even assuming that the unsigned stipulation embodies the oral agreement reached by the parties, the order entered by the court does vary from the terms of that agreement. Although both the order and the stipulation require the respondent to comply with the summons within thirty-days, the stipulation provides that the matter is continued for thirty days, whereas the order states that failure to comply "shall be grounds for finding the respondent in contempt." Although the appellate court may well conclude that these procedural irregularities and variances were harmless, this court does not attempt such prediction at this time.

### Conclusion.

Having considered the *Hilton* factors, articulated above, the court finds that, on balance, the respondent's motion for stay should be granted.

### Order.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the respondent's motion for stay of order pending appeal (Dkt. No. 16) is **GRANTED.**