In the Matter of the Petition of Allan J. KALLMANN for a Writ of Habeas Corpus.

Allan J. KALLMANN, Petitioner,

v.

Maj. Gen. Conn L. MILBURN, Jr., M.C., Commanding General, U.S.A., Tripler General Hospital, Tripler Army Medical Center, Oahu, Hawaii; Col. Spencer B. Reid, Acting Commander Tripler Army Medical Center and Stanley Resor, Secretary of the Army, Respondents.

Civ. No. 3037.

United States District Court
D. Hawaii.
Nov. 24, 1969.

Brook Hart, of Greenstein & Cowan, Honolulu, Hawaii, for petitioner.

Robert K. Fukuda, U. S. Atty., Michael R. Sherwood, Asst. U. S. Atty., Honolulu, Hawaii, for respondents.

## DECISION

PENCE, Chief Judge.

Petitioner, an Army officer seeking discharge from service on the ground of conscientious objection, has been denied relief by the Army Conscientious Objector Review Board, and has lodged an appeal with the Army Board for Correction of Military Records, which ap-

peal is currently pending. Petitioner has also filed this suit for a Writ of Habeas Corpus, and presently moves this court for an interlocutory order staying his transfer to the Republic of Vietnam, pending a decision by the Army Board for Correction of Military Records.

█ The Court of Appeals of the Ninth Circuit has set forth certain criteria to be utilized in determining the appropriateness of a stay order pending administrative determination.[1] These criteria are: (1) The likelihood that the subject person will prevail on the merits of an appeal from the administrative process to the court; (2) Irreparable damage to the subject person if a stay is not ordered; (3) No irreparable damage to the other party or the public from a stay order.

█ In measuring the likelihood of success on the merits of an appeal, although some uncertainty exists as to the proper test to be applied,[2] this court concludes that the basis-in-fact test is applicable. Therefore, if any basis in fact can be found to support the decision of the Army Conscientious Objector Review Board, then there would appear little likelihood that the petitioner would prevail on the merits of an appeal.

█ In searching the record available to the Army Board for Correction of Military Records, it is noted that both the initial hearing officer and petitioner's commanding officer recommended denial of petitioner's application. The hearing officer, in finding petitioner insincere, emphasized the fact that petitioner had not brought his application until after he received orders to Vietnam. Subsequently both petitioner's commanding officer and the Conscientious Objector Board employed this fact, in addition to others, in finding petition-

er insincere. It is settled that they were so entitled to reach that conclusion upon that basis alone.[3]

Petitioner's reliance upon Bates v. Commander, 413 F.2d 475 (1 Cir. 1969), for the opposite conclusion is misplaced. That case contained no timing problem, as here, but rather considered only whether the chronology of one's military service record, without more, could be used against him in deciding sincerity pursuant to a conscientious objector application.

█ Petitioner argues that the psychiatrist overstepped the bounds of Army Regulation No. 635–20 by commenting upon petitioner's sincerity and upon the illogic of his beliefs, and that such comment invalidates the Army Conscientious Objector Review Board's conclusion. Further, petitioner urges that the Chaplain erred in finding that petitioner's beliefs were based upon humanitarian rather than religious principles. Finally, petitioner argues that because he was not furnished a copy of these reports, and thus was not able to respond to them prior to the meeting of the Army Conscientious Objector Review Board, he was denied due process of law. None of these arguments, however, contravenes or invalidates the initial decision of this court already reached, namely that an independent basis in fact exists for the decision of the Conscientious Objector Board. Indeed, if at some future hearing it could be established that petitioner was in fact denied due process of law (this issue not being directly before the court at this time), at best petitioner would then be entitled to a rehearing on the merits. On the record now before this court, this court concludes that, ultimately, the outcome of the case on the merits would be against the petitioner.

1. Schwartz v. Covington, 341 F.2d 537 (9 Cir. 1965) ; Craycroft v. Ferrall, 408 F.2d 587 (9 Cir. 1969).

2. Craycroft v. Ferrall, supra n. 1, 408 F. 2d at 599. *But see* Hammond v. Lenfest, 398 F.2d 705 (2 Cir. 1968).

3. Accord, Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955) ; Bishop v. United States, 412 F. 2d 1064 (9 Cir. 1969).

Having disposed of the first criterion, the question then becomes whether the other two criteria need be considered. It seems logical that all three criteria must be given equal weight, and only after evaluation of the relative impact of each upon the petitioner and respondents can a stay order be granted or denied. Petitioner argues that if he is transported to Vietnam, this court will lose jurisdiction of the habeas corpus action, inasmuch as neither the subject nor anyone responsible for his detention would be within reach of the process of this court. If it could be shown that unless a stay was ordered, petitioner would be transported outside the jurisdiction of the court, and would thereby render moot [4] any appeal to this court, then clearly interlocutory relief would now be proper. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), constrains this court to give every reasonable opportunity to the armed services to carry on their personnel operations in the normal manner. In that area judicial interferences must be only the necessitated exception, not the usual rule.

By following the procedure validated by Ex Parte Endo, 323 U.S. 283, 304, 65 S.Ct. 208, 89 L.Ed. 243 (1944), it is possible for this court to retain jurisdiction over this case, short of granting a stay order. Therefore, if the Secretary of the Army or his authorized representative will stipulate that at all times someone within his chain of command and subject to the process of this court will be responsible for and have the power to produce petitioner upon order of this court, upon reasonable notice, then the problem of jurisdiction resolves itself. If for any reason the Secretary does not enter into such an agreement, then because loss of jurisdiction by this court would, as alleged, necessitate the filing of a new, though similar action in some other district, with accompanying loss of local counsel, new expenses, etc., thus violating criterion (2), this court would be compelled to issue the stay order, as prayed for. If the preceding procedure is followed, criterion (3), of course, is satisfied.

Respondents are given 15 days within which to file the requested stipulation, absent which, an interlocutory stay order will be issued.

This court retains jurisdiction over this case until further order.

---

4. *See* United States ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708 (1943).