443 F.2d 617
 Airman First Class Jonathan O. LAWSON and Airman First Class Gregory L. Palmer, Petitioners-Appellants,
v.
Melvin LAIRD, as Secretary of Defense, Robert C. Seamans, as Secretary of the Air Force; Colonel Grover Reat, as Base Commander, Goodfellow Air Force Base, Respondents-Appellees.
 No. 71-1292 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 June 15, 1971.
 
 James M. Simons, Austin, Tex., for petitioners-appellants.
 Maury Maverick, Jr., San Antonio, Tex., amicus curiae, for Texas Civil Liberties Union.
 Eldon B. Mahon, U. S. Atty, W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., C. Claude Teagarden, Lt. Col., U. S. A. F., Litigation Div., U. S. Air Force, Washington, D. C., for respondents-appellees.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Airman First Class Jonathan O. Lawson and Airman First Class Gregory L. Palmer (appellants) filed petitions for writs of habeas corpus in the United States District Court for the Northern District of Texas, San Angelo Division, seeking discharges from the United States Air Force as conscientious objectors. The district court summarily[1] denied both petitions and the airmen have appealed. We reverse the judgment of the district court and remand for hearings on the merits of the petitions.
 
 
 2
 Airman Lawson was born on August 29, 1946, and enlisted in the Air Force on October 29, 1968. His four year term of active duty commenced on February 6, 1969, when he reported to Lackland Air Force Base, Texas, for basic training. On May 5, 1969, he was assigned to Fort Bliss, Texas, for a one year course in the Vietnamese language. Upon completion of that course he was assigned to Goodfellow Air Force Base, Texas, for further training. In early August, 1970, Airman Lawson declined to proceed with Air Force Security Service schooling and on August 24, 1970, he submitted an application for discharge as a conscientious objector pursuant to Department of Defense Directive 1300.6 and Air Force Regulation 35-24. The application was forwarded through Air Force channels to the United States Air Force Military Personnel Center, Randolph Air Force Base, Texas, for final action. On November 16, 1970, the Military Personnel Center ruled that the application did not contain sufficient documentation and that it was therefore "not favorably considered". On or about December 2, 1970, Airman Lawson submitted a second application for discharge and simultaneously therewith filed a petition for writ of habeas corpus. After the district court denied the petition, we enjoined the Air Force from reassigning Airman Lawson to Clark Air Base, Philippines, pending disposition of this appeal.
 
 
 3
 Airman Palmer was born on March 23, 1947, and enlisted in the Air Force for a four year term on March 17, 1969. Following basic training at Lackland Air Force Base, Texas, he was sent to Fort Bliss, Texas, for one year's schooling in Vietnamese. On May 1, 1970, Airman Palmer was assigned to Goodfellow Air Force Base, Texas, for additional training. On August 24, 1970, having declined to proceed with further Air Force Security Service schooling, he submitted an application for discharge as a conscientious objector pursuant to Department of Defense Directive 1300.6 and Air Force Regulation 35-24. The application was sent to the Air Force Military Personnel Center for final action. On November 16, 1970, the Military Personnel Center ruled that the application did not contain sufficient documentation and that it was therefore "not favorably considered". On or about December 2, 1970, Airman Palmer submitted a second application for discharge and simultaneously therewith filed a petition for writ of habeas corpus. After the district court denied the petition, we enjoined the Air Force from reassigning Airman Palmer to the Republic of China (Taiwan) pending disposition of this appeal. Since March 1, 1971, Airman Palmer has been in an absent without leave status.
 
 
 4
 In their petitions for writs of habeas corpus, the appellants advanced the following legal arguments:
 
 
 5
 1. Their detention by the Air Force denied them the right of free exercise of their religious beliefs as guaranteed by the First Amendment to the United States Constitution, Department of Defense Directive 1300.6, and Air Force Regulation 35-24;
 
 
 6
 2. The Air Force's denials of their applications for separation were arbitrary, capricious, and in plain disregard of the evidence, thereby violating the due process clauses of the Fifth and Fourteenth Amendments to the Constitution;
 
 
 7
 3. The Air Force's denials of their applications were effectuated in violation of the procedural requirements of Department of Defense Directive 1300.6 and Air Force Regulation 35-24; and
 
 
 8
 4. They were denied the equal protection of the laws by the Air Force's denials of their applications in that persons with the same or similar beliefs are exempted from military service.
 
 
 9
 On February 5, 1971, a United States Magistrate recommended to the district court that the petitions be denied because they failed to describe with particularity any facts which would support the conclusion that the denials of the August 24, 1970, applications were arbitrary, capricious, or procedurally defective and because the petitioners had not exhausted their administrative remedies in that the Air Force had not yet ruled on the December 2, 1970, reapplications.[2] Without issuing show cause orders,[3] the district court, on February 9, 1971, adopted the recommendation of the Magistrate and denied both petitions.
 
 
 The Exhaustion of Remedies Issue
 
 
 10
 On this appeal, the appellants maintain that the Air Force's decisions of November 16, 1970, were final for purposes of the exhaustion of remedies doctrine. The government, on the other hand, argues that the November 16, 1970, decisions were not final and that the appellants were precluded from seeking habeas corpus relief until the Air Force acted finally on the December 2, 1970, reapplications.[4] We find the appellants' position to be meritorious.
 
 
 11
 The United States Supreme Court in Port of Boston Marine Terminal Association v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970), enunciated the following test of administrative finality for purposes of judicial review:
 
 
 12
 "Moreover, the relevant considerations in determining finality are whether the process of administrative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action."
 
 
 13
 (400 U.S. at 71, 91 S.Ct. at 209, 27 L. Ed.2d at 210).
 
 
 14
 The Supreme Court's Port of Boston test has been met in the two cases under review.
 
 
 15
 Department of Defense Directive 1300.6 and Air Force Regulation 35-24 require the serviceman to apply through military channels for discharge as a conscientious objector. The burden is on the individual airman to submit sufficient evidence to substantiate his application. Should the supporting documentation be inadequate, then the application is to be denied. The Directive and the Regulation do not empower the Air Force to avoid rendering a final decision on an application on the ground that "there was inadequate documentation submitted". Accordingly, we hold that the Air Force's determinations of November 16, 1970, that the applications were "not favorably considered" constituted final denials of the applications, thereby clearing the way for the appellants to seek habeas corpus relief in a federal district court.
 
 
 The Failure to State a Claim Issue
 
 
 16
 The two petitions for writs of habeas corpus relief recited the military status of the appellants, the applications for discharge as conscientious objectors, the Air Force's decisions of November 16, 1970, and the legal theories upon which relief was sought. The district court denied the petitions without conducting hearings on the merits and without examining the applications which the appellants had submitted on August 24, 1970, and on December 2, 1970. In summarily disposing of these petitions, the district court committed reversible error. See Pitcher v. Laird, 5 Cir. 1970, 421 F.2d 1272; Aguilino v. Laird, 5 Cir. 1970, 429 F.2d 573; Helwick v. Laird, 5 Cir. 1971, 438 F.2d 959. Significantly, the government on this appeal does not challenge the pleading adequacy of the petitions for writs of habeas corpus. On remand, the district court should examine the applications of the appellants and the proceedings had by the Air Force thereon in order to determine if there were bases in fact for the denials.
 
 
 The Injunction Against Reassignment
 
 
 17
 The government asks this Court to dissolve its order barring the reassignment of the appellants. It argues that the appellants failed to petition the district court for such an order; that the reassignment of the appellants will not divest this Court of jurisdiction; that "the Air Force has the right to the services of an airman serving under a valid enlistment and on whose behalf the government has expended large sums of money for valuable training and schooling"; and that the appellants are unable to make showings of a likelihood of prevailing on the merits, irreparable harm to themselves, and no irreparable harm to the government or the public interest.
 
 
 18
 Contrary to the assertion of the government, the petitions for writs of habeas corpus contained requests for temporary restraining orders barring the reassignment of the appellants during the pendency of the federal court proceeding. The requests for temporary restraining orders were denied by the district court when the petitions for writs of habeas corpus were denied.
 
 
 19
 We agree that the reassignment of the appellants would not divest this Court of jurisdiction, but it is difficult to imagine a more effective way to destroy the appellants' ability to proceed with their cases than by reassigning them to the far western reaches of the Pacific Ocean. Counsel for the appellants resides in the State of Texas. The district court is, of course, located in the State of Texas as is the office of the U. S. Attorney who appears for the defendant officials in this matter. No persuasive reason is offered for authorizing the Air Force to remove these litigants from the continental United States at the precise time that they finally obtain their respective days in court.
 
 
 20
 We do not quarrel with the general argument of the government that the Air Force has a right to the services of its enlisted personnel including these appellants, but the appellants must be freely accorded the right to pursue the judicial remedies granted them by the Constitution and laws of the United States.
 
 
 21
 In advance of full plenary hearing and development of the issues, it is impossible to predict whether or not these two airmen will prevail on the merits of their respective petitions. The right to a full adversary hearing in court granted by this decision is no more than that. It is not a forecast as to the possible success or failure of the appellants in that hearing. While the continuance in effect of our injunctive order barring reassignment may be a source of some inconvenience to the Air Force, this detriment, whatever its extent, is minuscule beside the detriment we foresee to the appellants should the injunctive order be dissolved at this juncture of these proceedings.
 
 
 22
 Reversed and remanded for further proceedings not inconsistent with this opinion, with directions that the injunctive order prohibiting reassignment of the appellants previously issued by this panel is to remain in effect pending final judgment by the court below.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I
 
 
 [1]
 On the recommendation of a U. S. Magistrate, without issuance of a show cause order, and without ever informing either appellant of the court's action
 
 
 [2]
 In their appeal papers petitioners assert that on January 29, 1971, the Air Force determined that Lawson's reapplication was again "not favorably considered"
 
 
 [3]
 Title 28, U.S.Code, Section 2243, reads, in pertinent part as follows:
 "A court, justice, or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."
 
 
 [4]
 The government has filed two briefs with this Court, one for each appellant. Each brief includes, as Appendix A, an affidavit executed by Lieutenant Colonel John W. Eubanks, Jr., USAF, the personnel officer of Goodfellow Air Force Base, Texas. In paragraph 2 of each affidavit the following sentence appears: "His first application was denied on 16 November 1970, and he began training with the next scheduled class on 9 December 1970." (Emphasis supplied)