**Thomas R. HICKEY**

v.

**COMMANDANT OF the FOURTH NAVAL DISTRICT and W. Graham Clayton, Jr.,\* Secretary of the Navy and Harold Brown, Secretary of Defense.**

**Civ. A. No. 78–3069.**

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1979.

---

\* The name of the respondent Secretary of the Navy is misspelled in the caption of the plead-

Jon Llewellyn Landau, Philadelphia, Pa., for plaintiff.

Joseph M. Gontram, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Thomas R. Hickey, a seaman presently serving a two-year active duty commitment, seeks to enjoin his transfer from the Philadelphia Naval Base pending an appeal from this court's decision denying his petition for a writ of habeas corpus. Hickey had incurred the obligation to serve for two years in an enlisted status in December 1976 when he was disenrolled from the Naval Reserve Officers Training Corps Program at Villanova University. On September 13, 1978, two days after his activation, Hickey petitioned this court for a writ of habeas corpus, alleging that the disenrollment and activation procedures violated both the Navy regulations and the fifth amendment due process guarantee. He had also requested a temporary restraining order to prevent his assignment to the U.S.S. Sellers in South Carolina. The Navy agreed to defer implementation of Hickey's duty orders until this court acted upon the petition. On December 7, 1978, I issued an opinion denying Hickey's petition. On or about January 11, 1979, the Navy apparently informed Hickey that it intended to transfer him and that his orders would be shortly forthcoming. On January 23, 1979, Hickey filed both a notice of appeal from the denial of the writ and this motion to enjoin his transfer from the jurisdiction. For the reasons stated below, I conclude that the motion for an injunction must be denied.

### The Propriety of the Relief Requested

■ Hickey has invoked Rule 65 of the Federal Rules of Civil Procedure as authorizing the temporary injunction that he requests. Inasmuch as Rule 65 contemplates the preservation of the status quo pending disposition on the merits, I question whether it is the appropriate procedural vehicle in these circumstances where the court has already rendered a decision on the merits. Rule 62(c), on the other hand, specifically provides for an injunction pending appeal. Yet, Rule 62(c) is not precisely apposite because it speaks only of appeals taken from "interlocutory or final judgment[s] granting, dissolving, or denying an injunction . . . ." Fed.R.Civ.P. 62(c). Resort to the habeas corpus statute also provides little guidance because it authorizes a stay only with respect to state court proceedings. 28 U.S.C. § 2251 (1976). Although neither of the above-cited rules nor the habeas corpus statute specifically provides for an injunction in the situation before me, I do not believe that it is necessary to unduly belabor the point of my authority in this matter. Rule 8 of the Federal Rules of Appellate Procedure clearly contemplates the district court's power to grant

interim relief during the pendency of an appeal from an order or judgment of the district court. Fed.R.App.P. 8(a).[1] In addition, several cases address the question of injunctive relief in the context of appeals from habeas corpus proceedings involving challenges to military actions.[2] Hickey's motion for an injunction pending appeal is therefore properly before me.

### The Merits of the Motion

■ The test for the grant or denial of a stay in this context is the same as that for a preliminary injunction: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to other interested persons, and (4) absence of harm to the public interest. *Compare Pitcher v. Laird,* 415 F.2d 743, 744–45 (5th Cir. 1969) *with Nelson v. Miller,* 373 F.2d 474, 477 (3d Cir.), *cert. denied,* 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980 (1967). With respect to the first criterion, I cannot say that Hickey is likely to prevail on the merits of his appeal. Even if I were not evaluating this factor from the hindsight of an opinion on the merits, I believe that I would otherwise have to conclude that the likelihood of a successful appeal is slight. Militating against Hickey's chances are the deference generally accorded the various branches of the service in interpreting their own regulations and the relatively minimal requirements of due process in the military context. *See Keister v. Resor,* 462 F.2d 471, 474–75 (3d Cir.), *cert. denied,* 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 151 (1972); *O'Mara v. Zebrowski,* 447 F.2d 1085, 1089–90 (3d Cir. 1971); *Nelson v. Miller, supra,* 373 F.2d at 480.

This negative answer does not end the inquiry, however, nor does it conclusively determine the outcome here. As the Court of Appeals for the Third Circuit has often admonished, a decision to grant or deny an injunction entails a "delicate balancing" of all four factors. *Constructors Association of Western Pennsylvania v. Kreps,* 573 F.2d 811, 815 (3d Cir. 1978). I therefore turn to the other considerations.

Prior to the activation, Hickey was employed as transit planner for the Montgomery County Planning Commission. Although he is currently on military leave from that position, Hickey volunteers approximately ten hours each week to the Commission. He asserts that this arrangement insures his position as the most senior transit planner. He argues that if the Navy transfers him from the Philadelphia naval facility, the Planning Commission will be deprived of his services and will be forced to replace him. Should these events occur, Hickey might return to a job that is unrelated to his career interest of transit planning.

I cannot agree that these facts rise to the level of irreparable injury. If the loss of civilian employment has been considered an insufficient injury to justify injunctive relief, *Morbeto v. United States,* 293 F.Supp. 313, 322 (C.D.Cal.1968), Hickey's predicament certainly falls short. He apparently will not be deprived of employment with the Planning Commission; he merely sacrifices his seniority for a particular position. Furthermore, it is not at all clear whether Hickey's status as senior transit planner would be secured if I were to grant the

---

**1.** Rule 8 authorizes a stay or injunction pending appeal and requires the applicant to seek relief in the first instance in the district court:

    "(a) . . . Application for a stay of judgment or order of a district court pending appeal . . . or for an order suspending, modifying, restoring or *granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court.*" (Emphasis added).

**2.** The cases appear to fall into three categories: (1) those dealing with a stay of military action pending appeal from the denial of the writ, *e.*

*g., Lawson v. Laird,* 443 F.2d 617 (5th Cir. 1971); *Pitcher v. Laird,* 415 F.2d 743 (5th Cir. 1969); (2) those either granting or appealing the denial of a restraining order or injunction in connection with the application of the writ, *e. g., Rainha v. Cassidy,* 454 F.2d 207 (1st Cir. 1972); and (3) those dealing with a stay of military action during the pendency of an administrative appeal, *e. g., Nelson v. Miller,* 373 F.2d 474 (3d Cir.), *cert. denied,* 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980 (1967). Hickey's situation obviously falls into the first category.

relief requested. To support his claim for irreparable injury, Hickey has appended to the Motion for Temporary Injunction a letter from the Director of the Planning Commission. Document No. 11, Appendix A. Nothing in the letter, however, suggests that Hickey's voluntary commitment will insure his seniority. Although complimentary of Hickey's efforts, the Director states that the volunteered services "in no way compensate for the absence of a full-time planner." In my view, this statement considerably undermines the validity of Hickey's arguments and renders the potential for irreparable injury extremely speculative at best.

The other considerations likewise weigh against a stay in these circumstances. Hickey contends that the Navy will suffer no harm if I were to grant the relief requested because the Philadelphia Naval Base is a large facility with a continuing need for a seaman with petitioner's administrative skills. This very narrow focus distorts the issue. The real harm lies in the court's interference with decisions reposed in the Navy command. Although the Navy may well be able to utilize Hickey's services at the Philadelphia facility, a court order staying Hickey's transfer would nevertheless deprive the Navy of its autonomy in making that determination. Heeding the Supreme Court's instruction of minimal judicial interference with military affairs, the courts have been extremely reluctant to override military duty assignments. *Orloff v. Willoughby*, 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Lawson v. Laird*, 443 F.2d 617, 620 (5th Cir. 1971); *Pitcher v. Laird, supra*, 415 F.2d at 744; *In Re Petition of Kallmann*, 307 F.Supp. 412 (D.Hawaii 1969); *Morbeto v. United States, supra*, 293 F.Supp. at 322. In the absence of compelling countervailing considerations here, I must follow suit and deny Hickey's motion.

I have one final concern that I believe merits a brief mention. Hickey knew about his potential activation in December 1976 when he received the notice of the Secretary's decision. After his disenrollment, he remained in reserve status; he therefore could have contested the activation order at any time during that period by appealing to the Board for the Correction of Naval Records. *See generally* 10 U.S.C. § 1552 (1976); 32 C.F.R. § 723 (1977). Moreover, when he filed this petition for a writ of habeas corpus, he did not attempt to enjoin his activation pending review of his claim but instead consciously chose to remain on active duty. To order a stay at this point would place Hickey in the position of dictating to the Navy how best to utilize his services. It is conceivable that by the time the process of appeal is concluded and the stay lifted, Hickey's period of active service would be completed. The Navy would then have been effectively deprived of all control over its utilization of Hickey's services.

In assessing Hickey's claim for relief, I have assumed the truth of the factual allegations in his petition. Nevertheless, as the foregoing discussion demonstrates, the petitioner has failed to convince me that he is entitled to a stay of his transfer pending appeal. I will therefore deny his motion for a temporary injunction.