In re Jerome DeBOSE and Louise DeBose, Debtors.

UNITED STATES of America, Appellant-Intervenor,

v.

POSTAL FINANCE COMPANY OF CALIFORNIA, Jerome DeBose and Louise DeBose, Appellees.

BAP No. SC–81–1065–GEV.
Bankruptcy No. 80–00814–P.
Adv. Nos. C80–0299–P, C80–0232–K.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Sept. 17, 1981.

Decided Jan. 12, 1982.

Michael E. Quinton, Asst. U. S. Atty., San Diego, Cal., for appellant-intervenor.

Davis Hatch, Paris & Paris, Santa Monica, Cal., for appellees.

OPINION

Before GEORGE, ELLIOTT and VOLINN, Bankruptcy Judges.

GEORGE, Bankruptcy Judge:

The appellant/intervenor appeals the March 19, 1981 memorandum decision of the trial court, which declared unconstitutional the retroactive application of 11 U.S.C. § 522(f).[1]

I. BACKGROUND

On October 26, 1978, the debtors executed and delivered to the appellee, Postal Finance Company of California ["Postal Finance"], a promissory note for $6,960.00 payable in monthly installments. To secure payment on the note, Postal Finance perfected a security interest in the debtors' household goods, appliances, consumer goods, and equipment on that date. This security interest is both nonpossessory and nonpurchase-money.

---

1. 11 U.S.C. § 522(f) provides, in pertinent part: "(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(2) a nonpossessory, nonpurchase-money security interest in any—
(A) household furnishing, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. . . ."

The debtors defaulted on the note and left a net balance due of $4,459.89. Postal Finance decided to pursue its remedies under the note and to take possession of the security, which had a fair market value of $2,000.

On April 4, 1980, the debtors filed for relief under Chapter 7 of Title 11 of the Bankruptcy Code and, thereafter, filed a complaint to avoid Postal Finance's lien on their household goods and furnishings, as permitted by § 522(f)(2)(A). Postal Finance's answer to the complaint raised a constitutional issue and, therefore, the United States of America intervened to support the constitutionality of § 522(f)'s retroactive application.

In its decision below, the trial court held unconstitutional the application of § 522(f) to nonpossessory, nonpurchase-money security agreements entered into prior to the enactment of the Bankruptcy Reform Act of 1978.[2] It cited as its authority the recent Tenth Circuit decision of *In re Rodrock*, 642 F.2d 1193 (10th Cir. 1981).

## II. ISSUES

The two issues to be resolved by this Panel are 1) whether § 522(f) is to be applied retroactively and 2) whether such an application is violative of constitutional principles of due process.

## III. ANALYSIS OF THE FACTS AND THE LAW

### A. Retroactive Application of 11 U.S.C. § 522(f)

■ Whether a statute operates retroactively or only prospectively is a question of legislative intent. *Hasset v. Welch*, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938). The most persuasive evidence of Congressional intent to apply § 522(f) to pre-enactment security interests was the decision to have the Bankruptcy Act of 1898 ["the

Act"] repealed as of October 1, 1979 (except that cases commenced under the Act would still be governed by that law),[3] and to have the Bankruptcy Code ["the Code"] govern all cases filed after that date. Under this arrangement, a prospective-only use of § 522(f) would create a gap in applicable law; there would be *no* law governing the avoidance of liens which arose before the Code's enactment. Because of the unacceptable legal vacuum created by this interpretation, the Panel has no choice but to conclude that Congress intended to endow § 522(f) with both a prospective *and* a retroactive reach.

### B. Constitutionality of 11 U.S.C. § 522(f)

■ In holding that 11 U.S.C. § 522(f) is to be applied retroactively, we are now forced to decide whether the trial court was correct in ruling that the statute was unconstitutional as applied to pre-October 1, 1979 liens. In this regard, the Panel finds no reason to disagree with the analysis and conclusions reached by the trial court and by the Tenth Circuit in *In re Rodrock, supra.* The trial court's decision must, therefore, be affirmed.

## IV. CONCLUSION

The Panel holds that, although Congress intended that 11 U.S.C. § 522(f) be applied to security interests created prior to the enactment of the 1978 Bankruptcy Reform Act, such an application would be contrary to the due process protections provided by the Fifth Amendment of the United States Constitution. In this regard, we agree with the assessment of the trial court.

AFFIRMED.

---

2. On November 26, 1978, the President signed the Bankruptcy Reform Act of 1978, Public Law 95-598. Title I of the Reform Act, codified as Title 11, U.S.C., became effective October 1, 1979.

3. §§ 401(a), 403(a), Title IV of the Bankruptcy Reform Act of 1978.