**In re Robert G. DOBSLAW and Lynnore W. Dobslaw, ind. and trading as Video Pl., Debtors.**

**The COMMONWEALTH NATIONAL BANK, Movant,**

v.

**Robert G. DOBSLAW and Lynnore W. Dobslaw, ind. and trading as Video Pl., Intervenor.**

**Bankruptcy No. 81–01177 T.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 14, 1982.

---

Jeannine Turgeon, Harrisburg, Pa., for movant.

James R. Leonard, Jr., Lancaster, Pa., for intervenor.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The creditor in this matter has filed a motion for a stay of our Order in the above

case issued on February 23, 1982, pending appeal to the United States Court of Appeals for the Third Circuit. In addition, or in the alternative, the motion requests adequate protection of the creditor's interests during the pendency of the appeal. For reasons hereinafter set forth, we will deny the motions.[1]

The facts are not in dispute. The debtors Robert G. Dobslaw and Lynnore W. Dobslaw, individually and trading as Video Place (hereinafter the "Dobslaws") filed a petition under Chapter 7 of the United States Bankruptcy Code. Included among the creditors listed on the schedules was Commonwealth National Bank (hereinafter the "Bank"). The Bank had recorded two judgment notes against the Dobslaws as a result of two separate loan transactions which resulted in liens on the Dobslaw's real estate. The Dobslaws filed an application with this Court to avoid the liens arising out of the Bank's judgment notes which impaired the debtors claimed exemption in their residence. The Bank objected to the avoidance of the liens. We held that the liens were judicial liens within the meaning of 11 U.S.C. § 522(f)(1) and, therefore, avoidable. The Bank has appealed from our decision and filed a motion before us requesting that our Order be stayed, and/or modified to provide adequate protection to the Bank pending appeal.

Our authority to grant a stay is found at Bankruptcy Rule 805 which provides, inter alia, that this Court may "make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all the parties in interest." In the case at bar, the Bank is borrowing the concept of adequate protection as provided for in 11 U.S.C. § 361 and requesting that we exercise our B.R. 805 equitable powers to require monthly payments or a bond from the Dobslaws during the pendency of the appeal. We will address the motion for

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

a stay and the motion for adequate protection individually for purposes of clarity.

## MOTION FOR A STAY

The test for the appropriateness of a stay in this context is the same as that for a preliminary injunction: 1) likelihood of success on the merits, 2) irreparable injury if the stay is not granted, 3) absence of substantial harm to other interested persons, and 4) absence of harm to the public interest. *Hickey v. Commandant of Fourth Naval District*, 464 F.Supp. 374, 376 (E.D.Pa. 1979). In exercising our discretion under B.R. 805 we must engage in a delicate balancing of the four prongs of the test. *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978).

[2] In determining the likelihood of success on the merits, we have the opportunity to review the correctness of our own decision. However, the Third Circuit has already ruled that cognovit notes create judicial liens in *In re Ashe*, 669 F.2d 105 (3d Cir. 1982). Our decision in this case was consistent with that of the Circuit Court. The liens in the instant case both arose subsequent to October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978. We are aware that an appeal is pending before the United States Supreme Court from one of the two Circuit Court decisions which held 11 U.S.C. § 522(f) unconstitutional when retroactively applied.[2] However, the question of retroactive application does not arise in the instant case. For this reason, there appears to be very little likelihood that the Bank will prevail on appeal.

The Bank has not demonstrated that it will suffer irreparable harm if the stay is not granted. There was no testimony which tended to prove that the debtors' real estate is depreciating or is not being adequately insured against loss. The Bank's liens of $24,000.00 are junior to a $52,800.00 mortgage on property valued at $70,000.00. Although the current real estate market has slowed the rate of appreciation normally attributable to suburban properties such as the Dobslaws, we have no evidence before us to indicate that the Bank's position is deteriorating. We are cognizant of the fact that the Bank is undersecured, however, "[T]he Court is not obligated to protect the creditor better than it did itself when making the loan and obtaining security." *In re Heatron*, 6 B.R. 493, 496 (Bkrtcy. W.D.Miss.1980).

On the issue of substantial harm to other interested parties, the testimony before us does not establish that harm to the debtors and their family would be substantial. Nonetheless, we are persuaded that some degree of harm would be suffered by the Dobslaws by a stay of our Order in their favor. Similarly, our decision in this case does not seem likely to have an appreciable impact on the public interest. The parties have each relied on legislative intent to protect their interest as manifested in the Bankruptcy Code to demonstrate the public policy favoring debtors, according to the Dobslaws, and creditors, according to the Bank. The Code favors neither but attempts to balance the interest of both. The outcome of this particular case will have a negligible impact on the general public interest.

In summary, the Bank has not met its burden in proving likelihood of success on appeal, irreparable injury to itself, lack of substantial harm to other interested parties or impact on the public interest. The last two elements do not carry equal weight with the first two in a balancing test under the facts of this case. We conclude that a stay of our Order is neither necessary or appropriate.

## MOTION FOR ADEQUATE PROTECTION

The Bank has requested that the Dobslaws be required to provide adequate protection in the form of a bond or monthly

2. *In re DeBose*, 16 B.R. 881 (Bkrtcy. 9th Cir. 1982), *In re Rodrock*, 642 F.2d 1193 (Bkrtcy. 10th Cir. 1981), appeal pending (S.Ct.1982).

payments pending the appeal. In its present procedural posture, the facts of this case do not demonstrate that the Bank has an interest requiring adequate protection as contemplated by the 11 U.S.C. § 361. The Bank is not challenging the dischargeability of the Dobslaw's debt and we have held that the Bank's liens are dischargeable.

For these reasons, it would be inequitable to burden the debtors with financial obligations during the pendency of the Bank's appeal.