**Louise BROOKINS, Executive Director and Trustee Ad Litem for the Philadelphia Welfare Rights Organization, on behalf of its members, clients and itself**

**v.**

**Helen O'BANNON, Individually and in her official capacity as Secretary of the Pennsylvania Department of Public Welfare**

**and**

**Don Jose Stovall, Individually and in his official capacity as the Executive Director of the Philadelphia County Board of Assistance.**

Civ. A. No. 82–2096.

United States District Court, E.D. Pennsylvania.

June 21, 1982.

Stephen Gold, Paul Bender, Philadelphia, Pa., for plaintiff.

Andrew S. Gordon, Harrisburgh, Pa., for defendant.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiffs filed this action seeking to declare Section 20(b) of the recently enacted Pennsylvania "Welfare Reform" statute, Act 75 of 1982, unconstitutional. Plaintiffs seek a preliminary injunction enjoining the defendants from enforcing Section 20(b) of Act 75.

The plaintiff, Philadelphia Welfare Rights Organization ("WRO"), is an organization of public assistance recipients. Its stated purpose is to work for increased welfare benefits and elimination of unfair, discriminatory and illegal welfare statutes and requirements.

On April 18, 1982, the Governor of the Commonwealth of Pennsylvania signed into law Act 75 of 1982 which contained amendments to the Public Welfare Code (Pa.Stat. Ann. tit 62). Section 10 of the Act narrowly defines eligibility by separating General Assistance (GA) recipients into "chronically

needy" and "transitionally needy" persons. The "chronically needy" will continue to receive public assistance, but the "transitionally needy" will receive assistance only once a year for not more than a three month period. Section 20(a) of the Act provides for at least a five percent increase in general assistance to eligible recipients, effective July 1, 1982. Section 20(b) of the Act suspends the increase if the provisions of Section 10 are prevented by court order from being implemented.

The plaintiffs argue that Section 20(b) is unconstitutional because it violates and chills plaintiffs' First Amendment rights of political expression and political association by restricting access to the federal judicial system to redress grievances against agents of the Commonwealth. WRO claims that it has not instructed its attorneys to challenge Section 10 in the courts because it would jeopardize the five percent grant increase provided for its members in Section 20(a) of the Act. WRO argues further that since some of its members will receive less welfare because of their classification under Section 10 as "transitionally needy", while others of its members will benefit from the five percent increase under Section 20(a), it is forced to choose between the two classes of members because of the sanctions set forth in Section 20(b), thereby causing WRO to lose some members.

Plaintiffs urge us to preliminarily enjoin enforcement of Section 20(b) of Act 75 of 1982. In order for the plaintiffs to be entitled to a preliminary injunction, they must show: (1) likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) absence of substantial harm to other interested persons; and (4) absence of harm to the public interest. *Constructors Ass'n of Western Pennsylvania v. Kreps,* 573 F.2d 811 (3d Cir.1978); *Hickey v. Commandant of the Fourth Naval District, Et Al,* 464 F.Supp. 374 (E.D.Pa.1979), aff'd without opinion, 612 F.2d 572 (3d Cir.1979). "While these factors structure the inquiry, however, no one aspect will necessarily determine its outcome. Rather, proper judgment entails a 'delicate balancing' of all elements." *Constructors Ass'n of Western*

*Pennsylvania v. Kreps,* 573 F.2d at 815 (footnote omitted).

The main thrust of plaintiff's argument is that Section 20(b) of the Act chills plaintiffs' First Amendment rights of political expression and political association through litigation. Plaintiffs argue that the fact that the Act makes Sections 10 and 20 non-severable adds to the legislative purpose of penalizing the plaintiffs for exercising their First Amendment rights. We do not agree.

The parties have stipulated that the cost savings from Section 10 are $48,000,000.00 for the fiscal year 1982–1983, and the costs of providing the grant increase under Section 20(a) are $13,000,000.00 for the fiscal year 1982–1983. The defendants argue that Sections 10 and 20 are inextricably intertwined components of Pennsylvania's welfare reform program; without Section 10, there will be no money for Section 20.

We find that the legislative intent in making Sections 10 and 20 non-severable was not to penalize the plaintiffs for exercising their First Amendment rights but rather to ensure that there would be funds to provide the grant increase set forth in Section 20.

The plaintiffs admit that the legislature could have constitutionally enacted Section 26 to provide that if any section of Act 75 was held unconstitutional, then the entire Act was null and void. They argue that would not have specifically penalized the plaintiffs from seeking redress in the courts. On the contrary, it would have had the same result—a successful attack against Section 10 under a general non-severability provision has the same effect as the limited non-severability in the present Act. In either case, a successful attack against Section 10 makes Section 20 inoperable. Moreover, plaintiffs are no worse off than if the legislature had simply withheld enactment of the Section 20(a) benefit increase pending final resolution of any legal challenge to Section 10.

The dilemma facing WRO is that it represents a group of persons with conflicting

**32**

interests under the Act. That falls far short of making the non-severability of Sections 10 and 20 a constitutional issue. Certainly any member of the WRO can individually attack Section 10 without being penalized or making Section 20(b) a constitutional issue. It is only because of the divergent interests of its members that WRO feels threatened by Sections 10 and 20 of the Act. That problem does not persuade us to hold that Section 20(b) is unconstitutional. True, the "chronically needy" stand to lose their 5% increase *if* one of the "transitionally needy" successfully challenges Section 10 in court, but that does not constitutionally preclude the non-severability clause. Conflicting interests among members of an organization is inevitable. Merely because the Act may benefit some but not all members of the plaintiff organization does not mean that those dissatisfied with the Act's effect on them are chilled in the exercise of their First Amendment rights. *They* may go to court without jeopardy to *their* benefits. Similarly, WRO is not chilled from exercising its rights to represent its members; rather it must make a choice, unpleasant as it may be, as to its priorities, a situation not uncommon to any organization.

Since we find that plaintiffs have no likelihood to succeed on the merits, we will not examine any other factors. Since there is no other evidence which plaintiffs would introduce at a hearing for a permanent injunction, we shall deny both a temporary and permanent injunction, and enter judgment for the defendants.