**In re Edith M. GRACEY a/k/a Mrs. J. Raymond Gracey, Debtor.**

**Bankruptcy No. 84–00778 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 9, 1987.

Edith M. Gracey, Shillington, Pa., for debtor.

Mark Tunnell, West Chester, Pa., for C. Denson and Barbara Day.

Frederick L. Reigle, Reading, Pa., Trustee.

### MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

We are confronted with a secured creditor's motion requesting that we reconsider and remove the stay issued in our July 17, 1987 order in this case. The motion also requests that we reconsider and allow the trustee's sale of real property owned by the pro se debtor, Edith M. Gracey ("debtor")[1]. Movants are C. Denson and Bar-

---

1. Debtor is a professional nursery school teach-er who owns and operates a school run from

bara M. Day ("movants"), who hold second[2] mortgages on these properties. We grant the motion under the conditions outlined in the attached order.

The issue currently before the Court must be traced back several months and through several appeals. On April 17, 1987, the trustee filed notice of his intention to sell three parcels of real estate ("real estate"). Debtor filed an objection to his notice on April 28, 1987. Hearing was scheduled for June 2, 1987. On the date of the hearing, debtor reminded the Court that she had appealed several bankruptcy orders, and that those appeals were pending in the Third Circuit Court of Appeals. Notes of Testimony ("N.T."), June 2, 1987, at 7–9. She also indicated that she was planning to file in the United States Supreme Court a petition for writ of certiorari or an extraordinary writ covering the May 22, 1986 order converting this case from chapter 13 to chapter 7. N.T. at 9. We took the matter under advisement to allow the parties to file memoranda and to review the status of the appeals.

Mindful of the Circuit and Supreme Court involvement, and hoping to avoid the confusion incumbent if we allowed the trustee's sale to proceed only to have it stayed at a later date by the Supreme Court, we entered an order dated June 17, 1987. That order sustained debtor's objections to the trustee's sale and stayed all proceedings "... until further order of this Court." On July 10, 1987, movants filed the instant motion asking that we reconsider our June 17, 1987 order. That motion,[3] and debtor's answer[4], were heard on September 22, 1987. We have concluded that the objection[5] filed by debtor in response to the initial scheduling of this motion is not applicable because movants amended their motion and the attached orders.

On August 10, 1987, the Clerk of the Supreme Court wrote to debtor informing her that her most recent petition for a stay directed to the Supreme Court had been returned by Justice Byron R. White and marked "denied."

In light if the motion to reconsider, and the wording of our June 17, 1987 stay order, we must determine whether circumstances exist justifying the continued imposition of the stay. Movants claim that they are now owed $75,000 with a per diem rate of $29.05, adding that they have received no payments during the three year pendency of this case. They request that the trustee be allowed to go to sale according to the terms of his April 17, 1987 notice of sale.[6] The debtor claims that two payments were refused. She states further that the movants are oversecured. Finally,

two of the three parcels of real estate identified in the trustee's motion to sell. Her home is on the third property.

2. Movants are behind first mortgagee, American (now Meridian) Bank.

3. The Day's motion for reconsideration was filed on July 10, 1987. Pursuant to Local Bankruptcy Rule ("LBR") 9014.1, we entered an order dated July 14, 1987 requiring that the debtor file an answer. This notice was returned to movants' counsel, along with an order scheduling hearing on this matter for August 25, 1987. He failed to serve this notice on debtor within three days of his receipt of same, as required by L.B.R. 9014.1(d)(1) & (2). By letter dated August 18, 1987, debtor objected to the original motion, alleging that the motion was (1) not served in a timely fashion; (2) deficient because it failed to designate interested parties, and (3) deficient because it was not accompanied by a certificate of service. As a result of the debtor's objection, the motion was taken off the August 25, 1987 list.

The movants later amended the motion for reconsideration by filing a new order requiring answer and notice of hearing. The docket indicates that these were served in a timely fashion.

4. In addition to the August 18, 1987 objection, debtor filed an answer to the motion on August 20, 1987.

5. The debtor's August 18, 1987 objection is not applicable to the *amended* notice of hearing and order requiring answer. The amendment cured any timeliness problem, as discussed, supra, at n. 3. The order requesting relief, attached to the amended motion, designated the interested parties. Finally, movants filed a certificate of service on August 31, 1987. Thus, we find that the August 18, 1987 objection has no application to the amended motion.

6. The original notice requests that the trustee be allowed to consummate the sale on *June 24, 1987*. Accordingly, we cannot grant movants' request that the trustee be allowed to proceed in accordance with the *original* notice of sale.

she cites "§ 1325(b)" and "11 U.S.C. 706" for the proposition that she has the "... legal basis to pay the creditor." Debtor's Answer, dated July 10, 1987.

Our power to stay proceedings is grounded in the Bankruptcy Rules. Rule 8005 states

"... the bankruptcy court may suspend *or order the continuation of* other proceedings in the case under the Code or make *any other appropriate order during the pendency of an appeal on such terms as will protect the rights* of all parties in interest."

Bankruptcy Rule 8005 (emphasis added). This section "... confers on the bankruptcy judge discretion respecting the stay or continuation of other proceedings in the case while an appeal is pending." Bankruptcy Rule 8005, Advisory Committee Note.

■ The Code and Rules enunciate no standard of review for determining whether to terminate a stay. We now exercise the broad discretion granted in Bankruptcy Rule 8005 and 11 U.S.C. § 105(a) to determine that Justice White's denial of debtor's petition ended the exact factual scenario that the June 17, 1987 order was designed to prevent. At this point in time, with no appeals[7] and no stay ordered by any higher court, we are no longer concerned that

an appellate or Supreme Court decision would negate the trustee's sale.[8]

■ We turn next to debtor's other contentions.[9] She presented no competent evidence as to the value of the property. Debtor alludes that the Constitution, Bankruptcy Rules and 11 U.S.C. §§ 1325 and 706 allow her to repay her creditors.

Section 1325 is inapplicable since this case is pending under chapter 7. Section 706 discusses conversions, and does not create any right to repay all creditors. Repayment by the *debtor*, in fact, in not the goal of a chapter 7 proceeding. Although we are wary of talismanic phrases, the term "fresh start" better accommodates the competing interests, procedures and players on this stage. Repayment by the debtor is one method of achieving a fresh start; other avenues, such as liquidation by a chapter 7 trustee, may also be mandated.

An appropriate order will follow.

### ORDER

AND NOW, this 9th day of October, 1987, after notice and hearing, it is hereby ORDERED that

1. the stay imposed by the June 17, 1987 order in this case is lifted;

2. the trustee may proceed to send out notice of sale and proceed to sale, after complying at each step with the Bankrupt-

---

7. On September 25, 1987, debtor filed a Notice of Appeal to the Bankruptcy Appellate Panel, covering this Court's July 15, 1987 order. No Bankruptcy Appellate Panel exists in this circuit. However, to the extent that is deemed an appropriate appeal, we note that the bankruptcy court retains jurisdiction of the instant matter because debtor is appealing the closing of the nursery school and *not* the order to sell real estate. Even if the July 15th order could be construed to cover the same subject as the instant matter, we would still retain jurisdiction. A notice of appeal filed before the disposition of a motion for reconsideration is rendered ineffective. *See generally,* Fed.R.Civ.P. 59(e); *Earle Industries, Inc. v. C–Way Enterprises, Inc. (In re Earle Industries Inc.),* Case No. 86–00869, Adv. No. 86–03976G, Slip op. at 2 (E.D.Pa. February 25, 1987) *cf. In re Wavelength, Inc.,* 61 B.R. 614, 618 (9th Cir. BAP 1986)

8. We note that the conditions precedent for imposition of a stay no longer exist: 1) the likelihood of success on the merits (on appeal); 2)

irreparable injury if the stay is not granted; 3) absence of substantial harm to other interested persons, and 4) absence of harm to the public interest. *Hickey v. Commandant of Fourth Naval District,* 464 F.Supp. 374, 376 (E.D.Pa.1979), *cited in Commonwealth National Bank v. Dobslaw,* 20 B.R. 922 (Bankr.E.D.Pa.1982), *aff'd* 712 F.2d 864 (3d Cir.1983) (consolidated with other cases), *U.S. cert. den.,* 456 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683, *reh. den.,* 466 U.S. 963, 104 S.C. 2183, 80 L.Ed.2d 564. In the instant case, no likelihood of success on the merits exists because no appeal of the stay order is pending.

9. Debtor also refers to a "practice" of another district in which, she alleges, chapter 7 debtors are allowed to pay creditors directly to avoid "... needless liquidation." We are not familiar with this alleged practice. We note simply that this court has not presumed to modify the Bankruptcy Code and Rules to allow chapter 7 debtors carte blanche to repay creditors directly.

cy Code and all applicable local and national bankruptcy rules; and

3. the Objections, if any, of the Debtor or other persons or entities may be heard following the noticing by the Trustee of any proposed sales of Debtor's property.