## In re MICROWAVE PRODUCTS OF AMERICA, INC., Debtor.

### Bankruptcy No. 88–27990–D(sbb).

United States Bankruptcy Court, W.D. Tennessee, W.D.

July 19, 1989.

See also, Bkrtcy., 102 B.R. 661 and, Bkrtcy., 102 B.R. 666.

David J. Cocke, Borod & Kramer, Memphis, Tenn., for Litton Industries.

Harris P. Quinn, Memphis, Tenn., for debtor.

Jack F. Marlow, Memphis, Tenn., for American Universal Ins. Co.

Michael P. Coury, Memphis, Tenn., for Unsecured Creditors Committee.

Henry C. Shelton, III, Memphis, Tenn., for Western Industries.

Irvin Bogatin, Memphis, Tenn., for Keystone Transformer Co.

Gary Vanasek, Asst. U.S. Atty., Memphis, Tenn.

Gordon B. Conn, Jr., Minneapolis, Minn.

John L. Ryder, Memphis, Tenn., for FIBC.

Jennie D. Latta, Memphis, Tenn., for Magnetek, Inc.

William A. Carson, II, Memphis, Tenn., for Midwest Coast Transport.

Julie C. Chinn, Asst. U.S. Trustee, Memphis, Tenn.

Alan Kolad, New York City, for Moulinex.

## ORDER GRANTING MOTION FOR STAY OF ORDER PENDING APPEAL

BERNICE BOUIE DONALD, Bankruptcy Judge.

A hearing was held on July 13, 1989, on motion by Litton Industries, Inc. ("Litton") for a stay pending appeal of the court's previous order granting debtor's motion for "Approval of Sales of Property of the Estate Out of the Ordinary Course of Business Free and Clear of Liens". This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(N) & (O).

## CASE SUMMARY

On May 31, 1989, the court heard debtor's motion for approval to sell estate property free and clear of liens. The total estimated value of the equipment the debtor seeks to sell is Six Hundred Thousand Dollars ($600,000.00). The debtor has not used this equipment for many months, and alleges that it is not necessary for reorganization. The debtor proposes to escrow the proceeds of the sale, and allow appropriate liens to attach.

Debtor's major concern is that it is steadily incurring storage fees on equipment that it has no intention of utilizing in its reorganized business. Some of this equipment relates to production capabilities. The debtor has consolidated its engineering department which is now located in Sioux Falls, South Dakota. Therefore, debtor moved all necessary production equipment to South Dakota, leaving in Memphis, only that equipment unnecessary for production in Sioux Falls.

The court previously approved the employment by debtor of Raven Brothers as appraisers for debtor. Raven Brothers has submitted to debtor a quick sale price, and an orderly liquidation value on the equipment in question. Debtor seeks to sell the equipment for an amount equal to or in excess of the higher of the two values submitted. Therefore, although creditors have a lien on the equipment, it will nevertheless be sold at its current value.

Subsequent to the court's order granting the motion to approve the sale, Litton filed a notice of appeal of that order. Thereafter, the instant motion was filed.

## DISCUSSION

The factors the court must review in order to determine whether a stay of an order pending appeal should be granted are: 1) harm to the appellant; 2) harm to the appellee; 3) likelihood of success on these merits; and 4) public policy. *In re Dobslaw*, 20 B.R. 922 (Bankr.E.D.Pa.1982); see also, *Grippando, Circuit Court Review of Orders on Stays Pending Bankruptcy Appeals to U.S. District Courts or Appellate, Panels*, 62 Am.Bankr.L.J. 353 (Fall 1988).

In addressing these factors, Litton argues each point in succession. First, the obvious harm to the appellant is that if the order is not stayed and the equipment is sold, the appeal will be moot.

Secondly, the harm to appellee is that the possibility exists that if, down the road, the debtor ends up selling the equipment, the purchase price may be substantially less due to depreciation and changes in the market. Further, debtor is incurring storage fees, although Litton argues in mitigation that debtor is paying a reduced rate for the warehouse space. Litton alleges that the harm to debtor is minimal, especially in light of the fact that debtor intends to escrow any sale proceeds. Moreover, Litton would have to post a bond to help protect debtor's interest. In turn, debtor alleges that it is impossible to determine its damages because it does not know what price the equipment will actually sell for now, as opposed to months from now.

Third, the court must look at Litton's likelihood of success of the merits of its appeal. In determining potential success on appeal, Litton relies on 11 U.S.C. § 363(f) which states:

> **§ 363. Use, sale, or lease of property.**
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Litton argues that the aggregate total of all liens on the equipment is more than the

sale price. Yet, as counsel for debtor points out, as long as debtor realizes from the sale, an amount equal to the value of the equipment, it satisfies the liens because creditors are only secured to the value of the collateral. See 11 U.S.C. § 506(a) and *In re Beker Industries Corp.*, 63 B.R. 474 (Bankr.S.D.N.Y.1986).

Fourth, the court must look to the public policy concerns surrounding the sale. Litton argues that the value of a potential plan of reorganization proposed by it would be diminished if necessary equipment of debtor was sold prior to acceptance of the plan. Litton's concern lies in the cost of replacing this equipment in order to carry out the terms of a plan. Further, other potential purchasers may need the equipment. Therefore, it is in the best interest of the public to allow debtor to remain a viable business which will require a reorganization or sell out.

Debtor argues that the "purpose of the appeal is to delay the debtor and buy Litton some time". Litton stated that basically it needed about sixty (60) days to formulate and submit a plan of reorganization for debtor. Although there is some merit to debtor's allegations, the court must consider this along with all other facts and circumstances.

## CONCLUSIONS

Based on the foregoing, the court finds that in balancing the hardships in this matter, the scale tips in favor of the harm to the appellant. The potential to reorganize debtor under a plan of reorganization by Litton cannot be viewed lightly. Yet, the detriment to debtor may be minimal in terms of actual dollar loss due to a delay in selling the equipment a few months. Once the stay is granted, Litton has the court's protection from debtor selling the equipment until the appeal is prosecuted. The appeal could take well over a year. However, it is clear that Litton seeks only to preserve the equipment, thereby ensuring that it is available, if necessary for reorganization. Therefore, for good cause shown, the court hereby grants Litton's motion for stay of order pending appeal.

An appropriate bond is required in this matter pursuant to Bankruptcy Rule 7065 and 8005. It is for the court to determine what amount is proper under the total circumstances. Since debtor is currently paying Litton for storage space for the equipment, Litton is ordered to forgive that portion of rent for the warehouse which is attributed to storage of the subject equipment. Such a figure surely can be derived based on square footage in relation to the total rent amount. Only the rent allocated to storage of the equipment in question for the period of the stay of the court's order, effective this 19th day of July, shall be excused. Litton is further ordered to post a bond in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

IT IS SO ORDERED.